UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DUANE ZIEMBA | : | CIVIL NO. 3:00CV391(HBF) |
| V. | : | |
| FREDERICK THOMAS, ET AL. | : | MARCH 21, 2005 |

### DEFENDANTS' LOCAL RULE 56(a)1 STATEMENT

1. The plaintiff is an inmate in the custody of the Connecticut, Department of Correction ("DOC"). (Plaintiff's Amended Complaint dated October 11, 2002 ("Complaint"), para. 4).

2. At all times pertinent to the allegations in the Complaint, the ten defendants were employees of the DOC. (Complaint, paras. 5-9).

3. The plaintiff was transferred to Corrigan Correctional Institution on October 30, 1997. (Complaint, para. 11).

4. On March 9, 1998, the plaintiff was involved in an incident in a sallyport where correctional officials used force on the inmate. (Complaint, paras. 30-41).

5. The defendants who were personally involved in the above stated incident in the sally port were defendants Thomas, Fretard, Willard, Shefer, Fulcher, and Forrestal. (Id.)

6. The four undersigned defendants: Commissioner Armstrong, Warden David Strange, Warden Mark Strange, and Investigator Elterich were not present in the sallyport during the above-stated incident on March 9, 1998. (Id.)

7. The four undersigned defendants: Commissioner Armstrong, Warden David Strange, Warden Mark Strange, and Investigator Elterich had no direct involvement in the above-referenced incident in the sallyport. (Id.)

8. Warden David Strange was the Warden at Corrigan Correctional Institution at all times pertinent to this action. (Id.)

9. From the date of his transfer to Corrigan on October 30, 1997 until the date of the incident on March 9, 1998, the plaintiff wrote letters to Warden David Strange in which he complained about various issues concerning the conditions of his confinement. (Complaint, paras. 16, 17, 19, 20).

10. In these letters, the plaintiff complained to Warden David Strange about the taking of his legal materials and property, his being taken to Court with no shoes, and the failure of DOC staff to adequately respond to his grievances. (Complaint, paras. 16, 17, 19, 20, 25; David Strange Memo to Plaintiff March 10, 1998).

11. All of the plaintiff's complaints to Warden David Strange were investigated by Warden Strange and/or DOC staff at Corrigan. (Strange Memo, March 10, 1998).

12. The plaintiff was informed by Warden David Strange that all of his complaints were investigated by him and/or DOC staff at Corrigan. (Strange Memo, March 10, 1998).

13. Defendant Mark Strange was the Warden at MacDougall Correctional Institution at all times pertinent to this action. (Complaint, paras. 58-59).

14. In June, 1998 the plaintiff was incarcerated at MacDougall Correctional Institution. (Id.)

15. In June, 1998, the plaintiff wrote a number of letters to defendant Warden Mark Strange in which he alleged that defendant Mark Strange was involved in a conspiracy. (Sieminski Affidavit, para. 5).

16. The plaintiff's aforementioned letters were forwarded to DOC Population Management by Counselor Patterson from MacDougall. (Id., para. 5).

17. Based on these letters, a representative at DOC Population Management made the decision to order the plaintiff's transfer to Garner Correctional Institution. (Id., para. 6).

18. Warden Mark Strange was not involved in the decision to transfer the plaintiff to Garner on June 19, 1998. (Id., para. 7).

19. On or about March 11, 1998, the plaintiff was transferred from Corrigan Correctional Institution to Walker Correctional Institution. (Id.)

20. On March 12, 1998, a disciplinary hearing was held for the plaintiff at Walker correctional facility for three charges: causing a disturbance, threats, and flagrant disobedience. (Disciplinary Process Summary Reports, pp. 1-9).

21. The plaintiff was provided notice of the disobedience charge on March 9, 1998 and was provided notice of the other two charges on March 10, 1998. (Id.)

22. The plaintiff was provided with an advocate, Mr. Wiggins, for the March 12, 1998 disciplinary hearing. (Id.)

23. At the March 12, 1998 disciplinary hearing, the plaintiff was offered the opportunity to offer evidence in regard to the three disciplinary charges, including witnesses. (Id.)

24. The plaintiff refused the offer to present evidence or witnesses. (Id.)

25. Following the disciplinary hearing of March 12, 1998, the plaintiff was found guilty of all three charges. (Id.)

26. The guilty finding, in each of the three charges, was based on the statement of the reporting officer. (Id.)

27. As a result of these guilty findings, the plaintiff received 40 days in punitive segregation. (Id.)

28. Defendant Raymond Elterich, a former investigator for the DOC Security Division, played no role in the March 12, 1998 disciplinary hearing. (Id., pp. 1-9).

>DEFENDANTS
>John Armstrong, David, Strange,
>Mark Strange and Raymond Elterich
>
>RICHARD BLUMENTHAL
>ATTORNEY GENERAL
>
>BY: \_\_\_\_\_/s/_____
>Matthew B. Beizer
>Assistant Attorney General
>110 Sherman Street
>Hartford, CT 06105
>Federal Bar #ct16304
>E-Mail: matthew.beizer@po.state.ct.us
>Tel: (860) 808-5450
>Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 21st day of March, 2005:

Antonio Ponvert, III, Esq.
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue, 5th Floor
Bridgeport, CT 06604

James Nugent, Esq.
Nugent and Bryant
236 Boston Post Road
Orange, CT 06477

>_____/s/_____
>Matthew B. Beizer
>Assistant Attorney General