# EXHIBIT C

60

TO: F.B.I.
150 COURT ST.
NEW HAVEN, CT. 06510

ATTENTION: SAC

FROM: PAMELA A. ZIEMBA
110 SPRING ST.
MIDDLETOWN, CT. 064

SEPT. 25, 1997    # (860) 347-854:

— My son, Duane W. Ziemba # 128963, D.o.B. 10-7-6 was brutally beaten, sustaining serious, multiple injuries by staff at Cheshire C.I on 9-12-97. He told me he screamed in agony, losing consciousness twice as he begged for someone to call State Police. Even as he lay on floor, maced & shackled 6 or more staff continued to beat him until he was ncious. He felt he was going to die, they were going ill him. After this savage attack, he was dragged to a cell bunk, put on stomach & chained to bunk, injured & bleeding profusely. This incident happened between 11ᵃᵐ & 1ᵖᵐ. After hours of unspeakable pain he was transferred to Northern C.I at 6ᵖᵐ (no medical care — no hospital). There is a video of all this at Cheshire C.I. — also Northern C.I took pictures.

— Duane is in jail on a larceny charge — is not a violent offender, had NO tickets & never assaulted anyone. He is now in fear for his life.

On 9-22-97 your office informed me Duane would have to write requesting your assistance. His fear is so great he would only get information to me thru a court investigator ███████ ███████ at a court appearance (Middletown Superior Court, Mdtn, CT.) on 9-24-97. Information was Zeroxed & in ████████ possession. I have originals of same, letters, extensive notes, names of people responsible etc.

— Please, I beg you to enter an investigation before videos & pictures "disappear".

— Enclosed is handwritten information from Duane Ziemba asking for federal help.

61

Sincerely,
Pamela Ziemba (mother)

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE

**Date:** 09/30/1997

**To:** NH    **Attn:** SSA ███████ b7C

**From:** SA ███████ b7C
　　　　　Squad 5

**Approved By:** ███████ b7C

**Drafted By:** ███████ :lrr b7C

**Case ID #:** 282A-NH-NEW

**Title:** UNKNOWN CORRECTION OFFICERS,
CHESHIRE CORRECTIONAL INSTITUTION,
CHESHIRE, CONNECTICUT;
DUANE W. ZIEMBA-VICTIM;
CR-COL-FORCE &/OR VIOLENCE

**Synopsis:** Case opening.

**Administrative:** On September 18, 1997 captioned victim's mother, Pamela A. Ziemba, telephonically contacted FBI New Haven regarding her son who is currently incarcerated. On September 26, 1997 FBI New Haven received a nine page facsimile from Pamela A. Ziemba setting forth her concerns which also included a letter from captioned victim regarding his treatment while incarcerated Cheshire Correctional Institution.

**Enclosures:** FD-71 dated September 18, 1997 and nine page facsimile which was received at New Haven.

**Details:** Captioned victim date of birth October 7, 1967 while incarcerated at Cheshire Correctional Institution alleges that on September 12, 1997 he was assaulted by an extraction team while removing him from his cell. Victim believes that unreasonable and unnecessary force was used during this incident. Victim sustained multiple injuries.

Captioned victim is currently incarcerated at the Northern Correctional Institution, Somers, Connecticut.

It is recommended that captioned matter be opened and that Ziemba be interviewed. The results of this interview should be utilized to determine if a preliminary inquiry into this matter is warranted.



62



U.S. Department of Justice

Federal Bureau of Investigation

In Reply, Please Refer   to
File No. 282A-NH-36719

150 Court Street
New Haven, CT 06510
September 30, 1997

Mr. Duane W. Ziemba, #128963
Northern Correctional Institution
287 Bilton Road
Box 665
Somers, Connecticut  06071

Dear Mr. Ziemba:

Your mother's September 25, 1997 correspondence to FBI New Haven has been reviewed.

The New Haven Office has initiated an investigation regarding the incident set forth in referenced letter.  In that regard, you will be contacted in the near future by Special Agents from our office to ascertain further details concerning your complaint.  Thereafter, the information you provide and the written results of our investigation will be disseminated to the Civil Rights Division, Department of Justice, for its review to determine if sufficient evidence exists to prosecute the alleged subject(s) under the applicable Federal criminal civil rights statutes.  That Division has the final authority regarding Federal prosecutive action in civil rights matters.

Thank you for bringing these matters to the FBI's attention.

Sincerely yours,

Merrill S. Parks, Jr.
Special Agent in Charge

By:                    Julian H. Stackhaus
                       Supervisory Special Agent

CC: Ms. Pamela A. Ziemba
    110 Spring Street
    Middletown, Connecticut 06457

63          Cheshire
            park

# EXHIBIT D



GENERAL ASSEMBLY



TRANSPORTATION COMMITTEE
ROOM 2300
LEGISLATIVE OFFICE BUILDING
HARTFORD, CONNECTICUT 06106-1591
(860) 240-0590

SENATOR BIAGIO "BILLY" CIOTTO
CO-CHAIRMAN

REPRESENTATIVE JACQUELINE M. COCCO
CO-CHAIRMAN

December 29, 1998

Mr. John Armstrong
Commissioner
24 Wolcott Hill Rd
Wethersfield, CT 06109

Dear Mr. Armstrong:   John.

I am writing at this time in regards to a situation that is allegedly occurring in one of your correctional facilities.  I recently had a meeting with a Ms. Patricia Ziemba who has forwarded to you her concerns regarding her son's beatings by correctional officers.  I am also in possession of a letter sent by you to Ms. Ziemba in which you state that the matter is being investigated.  If at all possible I would appreciate a copy of the completed investigation report when you are finished with it.

Thank you for your time and attention to this matter.  I look forward to hearing from you soon.  If you have any questions please feel free to contact me at 240-0595.

Sincerely,

Biagio "Billy" Ciotto
State Senator

BBC/seh

65

# Exhibit "B"

# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601
1-14-94

Inmate Name *Duane Ziemba*

Inmate No. *128963*

Housing Location *Corrigan C.I.*

Date *1/27/1998*

[✓] Line Grievance  [ ] Line Emergency  [ ] Health Service Grievance  [ ] Health Emergency

IGP No.

T No.

1. Informal resolution. Attach a copy of Inmate Request Form (CN9602) containing the appropriate staff member's response, or indicate why the form is not attached:

*I have repeatedly wrote requests but no one will act on them or return them. So I can't attach them.*

2. Nature of grievance. Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use one 8-1/2-by 11-inch sheet of paper and attach to this form.)

*Last week a Lt. Thomas and C/o Stole my newspaper article I was writing and my carbon paper And Lt. Thomas threatened my life. This is all in on going Unlawfull retaliation.*

3. Action requested. Describe what action you want taken to remedy the grievance.

*Please return my newspaper article and Stop the serious retaliation.*

Inmate Signature *Duane Ziemba*

Remember: Your grievance must be filed within 30 days of the cause of the grievance or within 30 days of the date you became aware of the cause. You may appeal this decision within 5 days. Use Inmate Grievance Form B.

## FOR OFFICIAL USE ONLY
## LEVEL 1 REVIEW

Date Received

Disposition:

Date of Dispostion

Grievance Issue:

Reasons:

*67*

Level - 1 Reviewer

# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601
1-14-94

| Inmate Name Duane Ziemba | Inmate No. 128963 |
|---|---|
| Housing Location Corrigan | Date 2/28/1998 |

☑ Line Grievance  ☐ Line Emergency  ☐ Health Service Grievance  ☐ Health Emergency

| IGP No. | T No. |
|---|---|

1. Informal resolution. Attach a copy of Inmate Request Form (CN9602) containing the appropriate staff member's response, or indicate why the form is not attached:

This is a level 2 grievance appeal.

2. Nature of grievance. Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use one 8-1/2-by 11-inch sheet of paper and attach to this form.)

Corrigan prison officials refuse to give me level 2/3 grievance appeal forms. Conselor told me to use this as my appeal, So this is my appeal of the attached grievance dated 1/27/1998 which you all refuse to answer.

3. Action requested. Describe what action you want taken to remedy the grievance.

Please answer the attached grievance dated 1/27/1998. And act on this serious issue.

Inmate Signature Duane Ziemba

Remember: Your grievance must be filed within 30 days of the cause of the grievance or within 30 days of the date you became aware of the cause. You may appeal this decision within 5 days. Use Inmate Grievance Form B.

## FOR OFFICIAL USE ONLY
## LEVEL 1 REVIEW

| Date Received | Disposition: | Date of Dispostion |
|---|---|---|
| Grievance Issue: | | |
| Reasons: | | |

68

Level - 1 Reviewer

# Exhibit
## "C"

69

**To:**   Inmate Duane Ziemba #128963
SMU

**From:**  David Strange, Warden
Corrigan CI

**Re:**   Requests dated 2/24/98 and 2/25/98

**Date:**  March 10, 1998

*[handwritten: This supports that retaliation was taking place, but he failed to stop it. I repeatedly addressed incidents, they did not remedy violations]*

I received your requests dated 2/24/98 & 2/25/98, and had each issue you mentioned investigated. It was found that each complaint you made had already been addressed, or it was a new complaint and was being addressed. None of your issues have been ignored.

All of your grievances have either been responded to or you chose to withdraw them. Do not keep bringing up old grievances.

The issue you raised about allegedly missing documents in your central file was being investigated, however, you were absolutely uncooperative with the individuals trying to investigate it. Because of your failure to cooperate, I instructed them to conclude the investigation as being inconclusive and closed. Do not bring this same complaint up again.

The complaint you made regarding your shoes was investigated, and the only issue that needed to be addressed with the staff was the fact that they allowed you to go to court without shoes on. Steps have been taken to ensure this does not occur again. There were no other

# M·E·M·O

Duane Ziemba
March 10, 1998

2

issues of inappropriate conduct by staff in this matter, other than the fact that officer's should have given you a disciplinary report immediately, instead of waiting to give you an opportunity to clean the floor yourself. By then it was too late to give you the ticket. Your complaint of missing property was also addressed. With the exception of your claim of missing legal papers, which I have already told you there was nothing I could do, even if it was proven they were taken, which it was not. We gave you items to replace the ones you claimed were missing. You even acknowledged the fact that you had no further property issues (signed documentation). Do not keep bringing this same complaint up; it will not be addressed again.

You complained that Lt. Marshall did not send you the response to your disciplinary appeal. He indicated that he did, and sent you another response on 3/8/98. Do not bring this issue up again, as it has been answered.

As I have repeatedly stated, stop bringing up issues that have been addressed. Just because you may not like the answer you get, doesn't mean the issue has not been addressed. If you honestly cannot recall people answering your questions and issues in writing or verbally, I suggest you may want to contact the mental health unit to see if they can assist you with this problem.

DS:klr

cc:    File

# Exhibit "D"

72

E·98·074864



Corrigan Correctional Institution
986 Norwich New London Tnpk
Uncasville, Ct 06382

TO: Warden Strange

FROM: Major Collins   *Major Collins*

DATE: March 10, 1998

Subject : Summary Incident Report #9803040

    On March 9, 1998 at approximately 10:40 p.m. Inmate Ziemba #128963 refused to have his cell searched and was escorted to the entrance sallyport of H Pod. Lieutenant Thomas and several staff had responded to Officer Hanrahan's request to assist with a troublesome inmate. Lieutenant Thomas questioned Inmate Ziemba in the sallyport as to what his problem was, he stated he wanted to observe the cell shakedown due to legal paper in his cell. Inmate Ziemba became argumentative and was ordered by Lieutenant Thomas to face the wall to be handcuffed. Inmate Ziemba refused and turned as if sizing up the officers. Lieutenant Thomas gave him another order to turn and face the wall. Ziemba turned and squared his body off towards the Lieutenant. Lieutenant Thomas administered a one second burst of Cap-Stun. Inmate Ziemba continued to resist, not complying with orders given. Lieutenant Thomas administered a second, one second burst of Cap-Stun, after Ziemba threw staff of his back while fighting. Again he was ordered to give up his hands and comply, he did not, and crouched down into the corner, hugging his arms in front. Lieutenant Thomas administered a third, one second burst of Cap-Stun. Inmate Ziemba was then brought to the prone position and placed in restraints. Inmate Ziemba was then escorted to the A/P area for decontamination and strip search. He was then escorted, with Lieutenant Barr supervising to the Restrictive Housing Unit.

The video tape of the escort from A/P to Restrictive Housing was reviewed. Inmate Ziemba requests of Lieutenant Barr to press outside charges on Lieutenant Thomas for punching him in the face.

After reviewing the facility stationary cameras there is no tape of the incident in the sallyport or the strip search in A/P.  Lieutenant Barr stated he attempted to video tape the strip search but the camera was not working properly at that time.

Inmate Ziemba was admitted to Restrictive Housing at 11:35 p.m.  He was seen by medical staff CN Ramirez at 11:55 p.m., in the Restrictive Housing Unit.  CN Ramirez reports on the Medical Incident Report that Inmate stated he was hit on the face (just below the right eye), minor redness and swelling. Inmate Ziemba signs the Medical Incident Report that C.O. beat me on the back and face.

Inmate Ziemba received Disciplinary Reports for Contraband B,Flagrant disobedience, and Threats.

On March 10, 1998 after reviewing the Incident Report package and noting the comment on the Medical Incident Report, Captain Wood was instructed to interview Inmate Ziemba.  His statement was consistent with the previous report until he claimed that Lieutenant Thomas stated " were going to make sure you don't write anymore articles." Inmate Ziemba then claims he was struck in the face by Lieutenant Thomas with something in his hand believed to be the Cap-Stun canister.  Additional pictures were taken  by Captain Wood of Inmate Ziemba's face and back.

At approximately 3:25 p.m. Lieutenants Barbour and Pompi reported to Restrictive Housing due to Inmate Ziemba flooding his cell.  Inmate Ziemba was escorted to Medical to be seen.  In consultation  with Medic Ryan marks on Inmate Ziemba's back were evaluated.  These marks appear to have been cause by a boot.

Follow-Up

Incident:  Inmate Ziemba, Duane #128963

Date, Time & Location of Incident;  9 March 1998, 10:40 p.m. @ H Pod

Incident Report Number: 9803040

Subject:  **Inmate Ziemba was questioned about injury to right eye**

Question:      On 10 March 1998 at approx. 2;00 p.m., this writer questioned inmate Ziemba
about his claims to the medical department on 9 March 1998, that his eye was
injured.

**Answer From Inmate Ziemba:**
Inmate Ziemba stated that on Monday March 9, 1998, during the evening he was told to go to the
H Pod sallyport by Lieutenant Thomas,  Ziemba states that he was not told to go to the sallyport
prior to Lieutenant Thomas telling him , at that time there was 8 or 9 Correctional Officers in the
sallyport.   This is when Ziemba refused to go to the sallyport, he refused and argued with
Lieutenant Thomas and then Lieutenant Thomas stated that Ziemba was going down stairs.
Ziemba then went into the sallyport and was told to face the wall and place his hands behind him,
Ziemba states that he complied and tried to turn to face Lieutenant Thomas and the Correctional
Officers placed their hands on him and the same time he was arguing with Lieutenant Thomas.
This is when Lieutenant Thomas stated "were going to make sure you don't write anymore
articles".   This is when Ziemba states that he was forced the floor and during this time Lieutenant
Thomas struck Ziemba with something in his hands which could be a mace canister, which stuck
from out both sides of the Lieutenants palm closed fist.  Ziemba states that he was struck several
times by Lieutenant Thomas, once on the right eye.

**Conclusion:**
Based on inmate Ziemba's statement and  Incident Report Follow-Up by Lieutenant Thomas it is
possible that inmate Ziemba received injuries from the struggle that he had with staff involved.
The only exception to this are the injuries on inmate Ziemba's back which are consistent with boot
marks on his shoulder and lower back.   Based on the video from the A/P area when inmate
Ziemba was being escorted to the Restrictive Housing Unit, inmate Ziemba requested several
times from Lieutenant Barr to call the State Police because he was assaulted by Lieutenant
Thomas. This would be consistent with inmate Ziemba's statement that he was assaulted by
Lieutenant Thomas.

See attached:   Inmate Ziemba statement
                three (3) pictures)

Captain Curtiss Wood
cc: File

75

# Exhibit "E"

AFFIDAVIT

I, PAMELA ZIEMBA, BEING OF AGE, HEREBY DESPOSE AND SAY AS FOLLOWS:

#1. ON MARCH 11, 1998, MY SON, DUANE ZIEMBA, HAD A COURT APPEARANCE AT MIDDLETOWN COURTHOUSE GA-9.

# 2. I, PERSONALLY SAW MY SON, DUANE ZIEMBA, ON THIS DAY OF MARCH 11, 1998 AT THE MIDDLETOWN COURTHOUSE. HE WAS VERY SERIOUSLY INJURED. I LEARNED THIS WAS DIRECTLY DUE TO A MARCH 9, 1998, VIOLENT BEATING AT CORRIGAN PRISON, IN A SALLYPORT, BY CORRIGAN PRISON OFFICIALS.

#3. ON THIS SAME DATE OF MARCH 11, 1998, AT MIDDLETOWN COURTHOUSE, I RECEIVED AN ENVELOPE FROM DUANE ZIEMBA. ENCLOSED WAS A LETTER AND THREE (3) PRISON GRIEVANCES THAT DUANE FILED AT THE CORRIGAN PRISON. THESE THREE (3) GRIEVANCES ARE ATTACHED TO THIS AFFIDAVIT.

#4. I, PERSONALLY, MADE PHOTO-COPIES OF THESE THREE (3) GRIEVANCES, THAT I RECEIVED FROM DUANE ON MARCH 11, 1998. I MAILED SAME TO WARDEN OF CORRIGAN PRISON. I WROTE ON TOP OF EACH OF THESE GRIEVANCES — MAILED 3-11-98. THIS IS THE DATE I MAILED THEM TO WARDEN, CORRIGAN PRISON.

#5. I, PERSONALLY MET WITH THE STATE POLICE - THIS INVOLVED CORRIGAN PRISON OFFICIALS VIOLENTLY BEATING MY SON, DUANE ZIEMBA ON MARCH 9, 1998.

#6. I, PERSONALLY WENT TO SEE SENATOR "BILLY" CIOTTO, INVOLVING CORRIGAN PRISON OFFICIALS VIOLENTLY BEATING MY SON, DUANE ZIEMBA ON MARCH 9, 1998. PLEASE SEE ATTACHED LETTER, TO SENATOR CIOTTO, DATED DEC. 29, 1998.

THE FOREGOING IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

77

SWORN before me this 16th day of Aug. 2001.

BARBARA K. DiMODICA
NOTARY PUBLIC
COMMISSION EXPIRES MAR. 31, 2005

Barbara K. DiModica

SIGNED: PAMELA ZIEMBA
274 PLAZA DRIVE
MIDDLETOWN, CT. 06457

Pamela Ziemba

CN 9601

# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

RESUBMITTED
MAILED 8-11-98

Inmate name *Duane Ziemba*    Inmate no. *28963*

Housing location *Segregation Corrigan C.I.*    Date *March*

☐ Line grievance    ☒ Line emergency    ☐ Health service grievance    ☐ Health emergency

IGP no. | T no.
--- | ---

1. Informal resolution. Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached:

*Emergency they beat me last night.*

2. Nature of grievance. Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use one 8-1/2-by-11-inch sheet of paper and attach to this form.)

*They took me in sallyport last night and beat me, would not stop. I'm seriously hurt.*

3. Action requested. Describe what action you want taken to remedy the grievance.

*I want to see State Police Please*

Inmate signature *Duane Ziemba*

Remember: Your grievance must be filed within 30 days of the cause of the grievance or within 30 days of the date you became aware of the cause. You may appeal this decision within 5 days. Use Inmate Grievance Form B.

## FOR OFFICIAL USE ONLY
## LEVEL 1 REVIEW

Date received | Disposition: | Date of disposition
--- | --- | ---

Grievance Issue:

Reasons:

Level-1 reviewer

78

# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

RESUBMITTED
MAILED
8-11-98

CN9601
1-14-98

| Inmate name _Diane Ziomba_ | Inmate no. _129963_ |
|---|---|

Housing location _Segregation Corrigan C.I._   Date _3/10/1998_

- [ ] Line grievance
- [✓] Line emergency
- [ ] Health service grievance
- [✗] Health emergency

| IGP no. | T no. |
|---|---|

**1. Informal resolution.** Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate, why the form is not attached:

_I have asked staff, but its done no good._

**2. Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use one 8-1/2-by-11-inch sheet of paper and attach to this form.)

_Last night the guards took me inside of the sallyport and beat me in retaliation. Now I need medical treatment and they won't give me any this against law._

**3. Action requested.** Describe what action you want taken to remedy the grievance.

_Please give me medical treatment, I seriously injured but also I want to see State Police._

Inmate signature _Diane Ziomba_

**Remember:** Your grievance must be filed within 30 days of the cause of the grievance or within 30 days of the date you became aware of the cause. You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY
### LEVEL 1 REVIEW

| Date received | Disposition: | Date of disposition |
|---|---|---|

Grievance issue:

Reasons:

Level-1 reviewer

79

# Inmate Grievance Form A, Level 1 RESUBMITTED

**Connecticut Department of Correction** MAILED 08-11-98

CN 9601
1-14-94

| Inmate name _Dianne Gumba_ 3/10/1998 | Inmate no. _128963_ |
|---|---|
| Housing location _Segregation Unit_ | Date _3/10/98_ |

☑ Line grievance  ☐ Line emergency  ☐ Health service grievance  ☐ Health emergency

| F no. | T no. |
|---|---|

**Informal resolution.** Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached:

_Filed 2 Emergency Grievance this Morning._

**Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use one 8-1/2-by-11-inch sheet of paper and attach to this form.)

_I want to see State Police and I need medical treatment because the guards beat me for retaliation and I am hurt real bad. Please call State Police and Medical now._

**Action requested.** Describe what action you want taken to remedy the grievance.

_State Police and Medical now. This must be an Emergency_

Inmate signature _Dianne Gumba_ Emergency

**Remember:** Your grievance must be filed within 30 days of the cause of the grievance or within 30 days of the date you became aware of the cause. You may appeal this decision within 5 days. Use Inmate Grievance Form B.

## FOR OFFICIAL USE ONLY
### LEVEL 1 REVIEW

| Date received | Disposition: | Date of disposition |
|---|---|---|
| Grievance issue: | | |
| Reasons: | | |

70

Level-1 reviewer

7(

# State of Connecticut
## GENERAL ASSEMBLY



TRANSPORTATION COMMITTEE
ROOM 2300
LEGISLATIVE OFFICE BUILDING
HARTFORD, CONNECTICUT 06106-1591
(860) 240-0590

SENATOR BIAGIO "BILLY" CIOTTO
CO-CHAIRMAN

December 29, 1998

REPRESENTATIVE JACQUELINE M. COCCO
CO-CHAIRMAN

Mr. John Armstrong
Commissioner
24 Wolcott Hill Rd
Wethersfield, CT 06109

Dear Mr. Armstrong:

I am writing at this time in regards to a situation that is allegedly occurring in one of your correctional facilities. I recently had a meeting with a Ms. Patricia Ziemba who has forwarded to you her concerns regarding her son's beatings by correctional officers. I am also in possession of a letter sent by you to Ms. Ziemba in which you state that the matter is being investigated. If at all possible I would appreciate a copy of the completed investigation report when you are finished with it.

Thank you for your time and attention to this matter. I look forward to hearing from you soon. If you have any questions please feel free to contact me at 240-0595.

Sincerely,

Biagio "Billy" Ciotto
State Senator

BBC/seh

7(

# Exhibit
# "F"

72

# Disciplinary Report - Page 1

## Connecticut Department of Correction

CN 9503 1-10-94

| Unit _Corrigan Correctional Inst._ | Report Date 3/9/98 | Report No. 9903056 |
|---|---|---|
| Inmate Name _Ziemba Duane_ | I.D. No. 128963 | Housing H 219 |
| Location H 219 | Incident Date 3/9/98 | Time 10:40 ☐ a.m. ☒ p.m. |
| Charge _Threat_ | | Class |

**Description of Violation:** Inmate Ziemba, Duane #128963 refused to "F"
Told myself Lt. thomas I am going to get you, I am going
Have you in court and then punched the window with
His fist at the level of my face

**Witness(es):** c/o Petrella

**Physical Evidence:**

| Reporting Employee _Thomas_ | | Employee Requests Copy ☐ yes ☒ no |
|---|---|---|
| Title Lt. | Date 3/9/98 | Time 10:40 ☐ a.m. ☒ p.m. |

### CUSTODY SUPERVISOR/UNIT MANAGER REVIEW

| ☒ | **Administrative Detention** | Date 3/9/98 | Time 1140 ☐ a.m. ☒ p.m. |
|---|---|---|---|
| ☐ | **Interview Accused** | ☒ | **Informal Disposition** |

| Custody Supervisor/Unit Manager Signature | | |
|---|---|---|
| Title Lt. | Date 3/9/98 | Time 10:40 ☐ a.m. ☒ p.m. |

### INMATE NOTICE

| Delivered By | | |
|---|---|---|
| Title Lt. | Date 3/18/98 | Time 18 ☐ a.m. ☐ p.m. |

73



# Disciplinary Hearing Appeal - Page 1
## Connecticut Department of Correction

You have been found guilty of a disciplinary offense and have received sanctions. You may appeal the hearing officer's decision by filling out both pages of this form—please print—and by placing it in the facility disciplinary appeal mail box. Please include copies pages 1 and 2 of the disciplinary report and pages 1 and 2 of the disciplinary process summary report (decision).

| Inmate name Duane Ziemba | Inmate no. 128963 | Date 3-15-98 |
|---|---|---|
| Facility OR from Corrigan C.I. | Charge Threats | Report date 3-9-98 |
| Date hearing completed 3-12-98 | Facility Hearing at Walker C.I. | |

Sanctions imposed:
15 Days Seg
60 Days loss of Mail
30 Days loss of Rec

LT Thomas wrote this DR.
→ AND Intentional infliction of pain and Emotional distress.
From Corrigan Officials beating me.

Date you received your copy of the report 3-9-98

Date you saw the disciplinary investigator 3-10-98

Did you see an advocate ☐ yes ☒ no Walker refused to let me see a Advocate

If yes, name of advocate Wiggens my "FAKE" advocate was at hearing refused to talk to me.

Date you saw the advocate My FAKE advocate totally refused to see me.

Was the advocate one of a list of choices ☐ yes ☒ no Can you Please tell me?

Did you identify witness(es) to the investigator ☒ yes ☐ no

If yes, name(s) of witness(es): Corrigan C.I. officials were given all witnesses names and evidence that under D.O.C. should of been at hearing. Walker held Surprise hearing on me, I was clearly refused to be let any form of Defense.

Did your witness(es) testify in person ☐ yes ☒ no

If no, what was(were) the reason(s) given:

Officials had "Surprise" hearing. Depriving me of Defense

Did the hearing officer hear your side of the case ☐ yes ☒ no

If no, why not: Hearing officer threatened to have me removed from the hearing if I did not shut up. I was respectfull at all times. They covered up the truth.

Describe what you told the hearing officer:

Told everyone Surprise hearing is wrong not fair violates

74

# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
### WALKER RECEPTION AND SPECIAL MANAGEMENT UNIT
1151 East Street South
Suffield, Connecticut 06078
Telephone: (860) 292-3401

Mary Morgan Wolff
Warden
April 14, 1998

Duane Ziemba #128963
MacDougall-CI
1153 East Street South
Suffield, CT 06078

Dear Mr. Ziemba:

I am in receipt of your appeal of a Disciplinary Report for Threats on 3-9-98 at Corrigan-CI.

Lt. Thomas reported that you told him that you were going to "get him," after which you punched your cell window at the level of his face.

You were afforded an advocate both at Corrigan-CI on 3-10-98 prior to your transfer to Walker RSMU and an advocate at Walker RSMU, who did not refuse to see you. Your hearing took place on 3-12-98.

I see no due process failure.

Yours appeal is hereby denied.

Sincerely,

*Mary Morgan Wolff*

Mary Morgan Wolff
Warden

jlg

c:    Warden David Strange - Corrigan-CI
      Warden Mark Strange - MacDougall-CI
      Lt. Rotcheford, Disciplinary Hearing Officer
      C/O Leske, Disciplinary Investigator
      Central file
      file

75

*An Equal Opportunity Employer*

# Exhibit
# "G"



# Disciplinary Report - Page 1
## Connecticut Department of Correction

CN 9S03
1-10-94

| | | |
|---|---|---|
| Unit *R C C I* | Report date *3/9/98* | Report no. *9903054* |
| Inmate name *Ziemba, Duane* | I.D. no. *#128963* | Housing *H z19* |
| Location *H pod* | Incident date *3/9/98* | Time *10:40* ☐ a.m. ☑ p.m. |
| Charge *Flagrant disobedience* | | Class *A* |

**Description of violation:** *On the above date and time I/m Ziemba refused several orders to step into the sallyport for a shakedown. This officer called Lt Thomas for assistance. Lt Thomas and several staff members responded to this incident.*

**Witness(es):**

**Physical evidence:**

| | | |
|---|---|---|
| Reporting employee *c/o Hanrahan* | Employee requests copy ☐ yes ☑ no |
| Title *correction officer* | Date *3/9/98* | Time *10:40* ☐ a.m. ☑ p.m. |

## CUSTODY SUPERVISOR/UNIT MANAGER REVIEW

| | | |
|---|---|---|
| ☒ Administrative detention | Date *3/9/98* | Time *11:55* ☐ a.m. ☑ p.m. |
| ☐ Interview accused | ☐ Informal disposition | |
| Custody supervisor/unit manager signature *S. Barr* | | |
| Title *Lt* | Date *3/9/98* | Time *11:56* ☐ a.m. ☑ p.m. |

## INMATE NOTICE

| | | |
|---|---|---|
| Delivered by *S. Barr* | | |
| Title *Lt* | Date *3/9/96* | Time *11:57* ☐ a.m. ☑ p.m. |

77

# Disciplinary Hearing Appeal – Page 1

## Connecticut Department of Correction

1-11-94

*Hearing at Walker Appeal g/o to Warden Wolf, Please.*

You have been found guilty of a disciplinary offense and have received sanctions. You may appeal the hearing officer's decision by filling out both pages of this form—please print—and by placing it in the facility disciplinary appeal mail box. Please include copies pages 1 and 2 of the disciplinary report and pages 1 and 2 of the disciplinary process summary report (decision).

| | | |
|---|---|---|
| Inmate name Duane Ziemba | Inmate no. 128963 | Date 3-15-98 |
| Facility DR was from Corrigan CI | Charge Flagrant Disobedience Report date 3-9-9 | |
| Date hearing completed 3-12-98 | Facility DR Corrigan, Hearing at Walker. I am at Mac Dougall CI. | |

Sanctions imposed:
15 Days Seg → *and Intentional infliction of pain a*
30 Days loss of visits *emotional distress because Corrig*
30 Days loss of Phone *officials beat me hurting me bad*
*Gave me false D.R.S*

Date you received your copy of the report 3-9-98 at Corrigan CI

Date you saw the disciplinary investigator 3-10-98 at Corrigan CI  C.O. Scott

Did you see an advocate ☐ yes ☒ no *At Walker they would not let me talk to a*

If yes, name of advocate *Wiggins was at hearing totally refused to talk to me.*

Date you saw the advocate *At Walker they would not let me see one.*

Was the advocate one of a list of choices ☐ yes ☒ no *How can I truthfully s*

Did you identify witness(es) to the investigator ☒ yes ☐ no *He never talked to me.*

If yes, name(s) of witness(es): *At Corrigan they were given a list of witnesses and evidence, At Walker at my "Surprise hearing" I was totally refused even copy of my DA.*

Did your witness(es) testify in person ☐ yes ☒ no

If no, what was(were) the reason(s) given:
*At Walker Official planed and set up a "Surprise hearing". I was given no time to prepare a Defense.*

Did the hearing officer hear your side of the case ☐ yes ☒ no

If no, why not: *The hearing was set up to deprive me of a fair hear Because everyone understood I was beat by Corrigan officials hurt very bad and given false charge.*

Describe what you told the hearing officer: *I asked why all information from Corrigan was not forwarded and why I can not have a Defense. I was told to shut up or I will be removed from the hearing.*

78



# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
### WALKER RECEPTION AND SPECIAL MANAGEMENT UNIT
1151 East Street South
Suffield, Connecticut 06078
Telephone: (860) 292-3401

Mary Morgan Wolff
Warden

April 14, 1998

Duane Ziemba #128963
MacDougall-CI
1153 East Street South
Suffield, CT 06078

Dear Mr. Ziemba:

I am in receipt of your appeal of Disciplinary Report #9803054 for Flagrant Disobedience on 3-9-98 at Corrigan-CI.

It was reported that you refused several direct orders to enter the sallyport of H-Pod for a shakedown. By your actions, you conveyed a deliberate challenge to authority and jeopardized the orderly operation of the facility.

You were afforded an advocate at Corrigan-CI on 3-10-908 and at Walker RSMU after your transfer. Your hearing took place on 3-12-98.

I see no due process failure.

Your appeal is denied.

Sincerely,

*Mary Morgan Wolff*

Mary Morgan Wolff
Warden

jlg

c:   Warden David Strange - Corrigan-CI
     Warden Mark Strange - MacDougall-CI
     Lt. Rotcheford, Disciplinary Hearing Officer
     C/O Leske, Disciplinary Investigator
     Central file
     file

79

# Exhibit "H"

# Disci... ...ry Report - Page 1

## Connec... ...epartment of Correction

CN 9503 1-10-94

WR# 980303/

| Unit: #4 Cottage | Report No. RCC98030352 |
|---|---|
| Inmate Name  Ziemba Duane | Housing  PHU - 121 |
| Location  PHU - 121 | Time 3:00  ☐ a.m.  ☒ p.m. |
| Charge  Causing a Disruption | Class  B |

3/10/98
3:553
3/10/98

**Description of Violation:** While Conducting ...our of PHU I noticed that the dayroom was Flooded and ...e water was coming From Cell #121. I/m Ziemba stated ...: Flooded his cell because of the lack of medical treatme...

**Witness(es):** c/o's Davito + Ro...

**Physical Evidence:**

| Reporting Employee  C/o W. Rec... | Employee Requests Copy  ☐ yes  ☒ no |
|---|---|
| Title  c/o | 3/10/98  Time 13:00  ☐ a.m.  ☒ p.m. |

## CUSTODY SUPER... ...NT MANAGER REVIEW

| ☐  Administrative Detention | | Time  ☐ a.m. ☐ p.m. |
|---|---|---|
| ☐  Interview Accused | | Informal Disposition |
| Custody Supervisor/Unit Manager Signat...e | | |
| Title  LT | 3/10/98 | Time 7:00  ☐ a.m. ☒ p.m. |

1. ...E NOTICE

| Delivered By | |
|---|---|
| Title  LT | 3/10/98  Time 730  ☐ a.m. ☐ p.m. |

81

You have been found guilty of a disciplinary offense and have received sanctions. You may appeal the hearing officer's decision by filling out both pages of this form—please print—and by placing it in the facility disciplinary appeal mail box. Please include copies pages 1 and 2 of the disciplinary report and page 1 and 2 of the disciplinary process summary report (decision).

| Inmate name *Duane Ziemba* | Inmate no. *128963* | Date *3-15-98* |
| Facility *DR given at Corrigan C I* | Charge *Causing Disturbance* | Report date *3-9-9* |
| Date hearing completed *3-12-98* | Facility *DR Corrigan, Hearing at Walker. I now am at Mac Dougall CI* | |

Sanctions imposed:

*10 Days Seg*
*20 Days C T P*

*Hearing was at Walker.*
*Appeal to Warden Wolf. Please*

Date you received your copy of the report *3-9-98 at Corrigan CI*

Date you saw the disciplinary investigator *3-10-98 at Corrigan C I*

Did you see an advocate   ☐ yes   ☒ no *Walker refused to let me talk to one.*

If yes, name of advocate *Wiggins was at hearing refused to talk to me.*

Date you saw the advocate *My Advocate would not see me.*

Was the advocate one of a list of choices   ☐ yes   ☐ no *How can I say ? ?*

Did you identify witness(es) to the investigator   ☒ yes   ☐ no *He never talked to me*

If yes, name(s) of witness(es): *Investigator Scott at Corrigan CI was given a full list of evidence and witnesses, I was transferred to Walker was not even. Walker 24 hours they had a Surprise illegal hearing on me. They refused give me any defense.*

Did your witness(es) testify in person   ☐ yes   ☒ no

If no, what was(were) the reason(s) given:

*Surprise hearing deprived me of any form of defense*

Did the hearing officer hear your side of the case   ☐ yes   ☒ no

If no, why not: *I was told Walker does not have DR hearings on Thurs and the Surprise hearing was to make sure I was found Guilty what I told hearing officer was hearing is Surprise against Due Proc*

Describe what you told the hearing officer:

*Told everyone in the room I have not even been at Walker 24 hours a Surprise hearing is not legal or right or fair.*

82

09/07/01  FRI 10:41 FAX 8606272152        MacDougall Operations                        ☒006



# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
### WALKER RECEPTION AND SPECIAL MANAGEMENT UNIT
1151 East Street South
Suffield, Connecticut  06078
Telephone: (860) 292-3401

Mary Morgan Wolff
Warden

April 14, 1998

Duane Ziemba #128963
MacDougall-CI
1153 East Street South
Suffield, CT 06078

Dear Mr. Ziemba:

I am in receipt of your appeal of Disciplinary Report #9803056 for Causing a Disruption on 3-10-98 at Corrigan-CI.

During the investigation, you told the investigator that you, in fact, did flood your cell.  At the disciplinary hearing you refused to enter any type of plea.  Therefore, a "not guilty" plea was entered on your behalf.  You were found guilty based on the body of the report and your own statement to the investigator.

In addition, you were afforded an advocate at Walker RSMU, namely, Mr. Wiggins, who did not refuse to talk to you.  You were the one who refused to present any type of defense at your disciplinary hearing.

Your appeal s hereby denied.

Sincerely,

*Mary Morgan Wolff*

Mary Morgan Wolff
Warden

jlg

c:     Warden David Strange - Corrigan-CI
       Warden Mark Strange - MacDougall-CI
       Lt. Rotcheford, Disciplinary Hearing Officer
       C/O Leske, Disciplinary Investigator
       Central file
       file

*An Equal Opportunity Employer*

83

# Exhibit "I"



# STATE OF CONNECTICUT
## *DEPARTMENT OF CORRECTION*
### *WALKER RECEPTION AND SPECIAL MANAGEMENT UNIT*
*1151 East Street South*
*Suffield, Connecticut  06078*
*Telephone: (860) 292-3401*

Mary Morgan Wolff
Warden
        April 20, 1998


Duane Ziemba #128963
MacDougall-CI
1153 East Street South
Suffield, CT 06078

Dear Mr. Ziemba:

I am in receipt of your letter dated 4-15-98.

Please be advised that your original Disciplinary Report Appeals were forwarded to your master file at MacDougall-CI.

Enclosed are copies of your appeals.

If I can be of further assistance, please contact me.

Sincerely,

*Mary Morgan Wolff*

Mary Morgan Wolff
Warden

jlg

Enclosures

c:    Warden Mark Strange - MacDougall-CI
      C/O Leske, Disciplinary Investigator
      Central file
      file

85

# Exhibit
# "J"

96

Duane Ziemba
M.C.I.
1153 EAst Street South
Suffield, Connecticut
06080

June 8, 1998

Warden Mark Strange,

    Warden Mary Morgan Wolff forwarded my original disclipinary reports and my appeals on them to my master file here at MacDougall Corr. Inst. This is regarding March 9, 1998 and March 10, 1998 Disclipinary reports.

    A letter dated April 20, 1998 from Warden Wolff states this.

    The original appeals on the above disclipinary reports are **NOT** in my master file, copies are **NOT** in my file either. Furthermore Warden Wolff's letter is also **NOT** in my master file.

    I have been informed that Warden Wolff sent you a personal letter sometime after April 20, 1998.

    The appeals and Warden Wolff's letter have been taken out of my master file because of Warden Wolff's personal letter to you. I respectfully request a copy of the personal letter that you received that is responsible for this change in my master file. Thank-You!!!

**SINCERELY,** *Duane Ziemba*

87

# Exhibit
# "K"



# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
### MACDOUGALL CORRECTIONAL INSTITUTION
### 1153 EAST STREET SOUTH
### SUFFIELD, CONNECTICUT 06080

**MARK STRANGE**
**WARDEN**

June 10, 1998

Duane Ziemba
#100767
MacDougall CI

Dear Mr. Ziemba,

Your disciplinary appeals were never placed in your file and were returned to Warden Wolff.

Sincerely,

Warden Strange

MS/jrm

cc:    File

89

# Exhibit "L"

Duane Ziemba
M.C.I
1153 East Street South
Suffield, Connecticut
06080

June 8, 1998

Warden Mark Strange

Warden Mary Morgan Wolff forwarded my original disclipinary reports and my appeals on them to my master file here at MacDougall Corr.Inst. This is regarding March 9,1998 and March 10,1998 disciplinary reports.
A letter dated April 20,1998 from Warden Wolff states this. The originnal appeals on the above disciplinary reports are **not** in my master file, copies are **not** in my file either. Furthermore Warden Wolffs letter is also **not** in my master file.
I have been informed that Warden Wolff sent you a personal letter sometime after April 20,1998. The appeals and Warden Wolffs letter have been taken out of my master file because of Warden Wolffs personal letter to you. I respectfully request a copy of the personal letter that you received that is responsible for this change in my master file. Thank-You!!!

SINCERELY, *Duane Ziemba*

Mr. Mark Strange--Warden
MacDougall C.I.
1153 East Street South
Suffield, Connecticut
06080

June 15,1998

Warden Mark Strange

You answered the above letter with a letter dated June 10,1998 and I do appreciate you answering me, Thank You.
Your response is----**Dear Mr.Ziemba, Your discipinary appeals were never placed in your file and were returned to Warden Wolff.**
I again respectfully address this issue.
You did receive a copy of Warden Wolffs April 20,1998 letter because right on the letter it states you did. This letter was definitely in my master file also it states this clearly on the letter.
Just as my appeals were in my master file ordered by Warden Wolff.
Can you please inform me how it is possible that this official letter from a Warden just disappears out of a master file??? Also official documentation that has been ordered into a master file by a Warden other officials have made vanish???
You state in your June 10,1998 letter that my appeals were returned to Warden Wolff, Where is Warden Wolffs April 20,1998 letter? You refuse to answer why Warden Wolffs letter dissappered. Why did you return my appeals back to Warden Wolff?? She did not order them to be placed in my master file for you to take them out and just return them to her. Do you always override orders from other Wardens.

SINCERELY,
*Duane Ziemba*

91

# Exhibit "M"

92

<u>Mailed By Accont Receipt No. 849045</u>

Matthew B. Beizer          <u>January 9, 2002</u>
Perry Zinn-Rowthorn
Assistant Attorney General's
110 Sherman Street
Hartford, CT. 06105

Ziemba Vs. Thomas, et al,
<u>Case No. 3:00 CV 391 (WWE)(HBF)</u>

**DEFENDANT ARMSTRONG'S RESPONSES TO**
<u>Interrogatories Served On</u>
<u>Defendant John Armstrong</u>

Pursuant to Rules 33 and 34, Fed.R.Civ.P., defendant Armstrong is directed to answer each of the following interrogatories in writing under oath, and produce the requested documents, within 30 days.

1. State the specific reason for your failure to have Corrigan C.I. accredited by the American Correctional Association.
**SEE ATTACHED**

2. In your September 29, 1998 letter to the plaintiff, you allege that the decision to transfer the plaintiff from MacDougal C.I. is not the result of a malicious and unlawful action by Warden

93

#2

Strange. State is Specific detail how can you Know this, When you failed to have the reason for this transfer even investigated.

**SEE ATTACHED**

3. In 1998 State What action you took after being informed that Warden Mark Strange in retaliation transferred the plaintiff out of MacDougal C.I. to Gardner C.I. Produce any and all documents of the action you took.

**SEE ATTACHED**

4. State the Specific date in 1998 that the plaintiff Was transferred from MacDougal to Gardner. Produce this transfer order.

**SEE ATTACHED**

5. The plaintiff wrote letters to Mark Strange dated June 8, 15, and 18, 1998. Is it true that the very next day the plaintiff was transferred from MacDougal to Gardner.

**SEE ATTACHED**

6. Did you have the facts investigated that the plaintiff wrote Mark Strange letters dated June 8, 15, and 18, 1998 and this is the reason that Mark Strange transferred the plaintiff in 1998 out of MacDougal C.I. Produce any and all investigation reports or clearly State why you failed you have these facts investigated.

**SEE ATTACHED**

94

#3

7. In 1998 at Gardner CI, identify the housing unit which is considered the Mental Health Unit.

SEE ATTACHED

8. Identify in 1998 at Gardner C.I. each housing unit that the plaintiff was housed in by specific dates, Or produce copies of out of the log books that identify the above,

SEE ATTACHED

9. At Gardner C.I. in 1998 in G-Unit, is there a Medication Office and Window directly in this Unit.

SEE ATTACHED

10. At Gardner C.I. in 1998 the plaintiff was in fact placed in G-Unit, which is considered a mental health unit. State why the plaintiff was housed in this unit.

SEE ATTACHED

11. In 1998 at Gardner C.I. explain the policy in G-Unit for inmates to use the telephones. Produce a 1998 Gardner C.I. Rule Book and also the telephone policy.

SEE ATTACHED

12. Produce a complete list by dates of every letter the plaintiff and his mother Pamela Ziemba sent to you in 1998 and 1999. Produce copies of each letter.

SEE ATTACHED

95

Respectfully Submitted

Duane Ziemba

Duane Ziemba #64026
Ely State Prison
P.O. Box 1989
Ely, Nevada 89301

Certification

I hereby Certify that a Copy of the foregoing
was mailed this 9th day of January, 2002
by account receipt No. 849045 to the following:

Matthew B. Beizer
Perry Zinn-Rowthorn
Assistant Attorney Generals
110 Sherman Street
Hartford, CT. 06105

By: Duane Ziemba

Duane Ziemba

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DUANE ZIEMBA | : | PRISONER<br>CIVIL NO. 3:00CV391 (WWE)(HBF) |
| V. | : | |
| FREDERICK THOMAS, ET AL. | : | MARCH 13, 2002 |

### DEFENDANT, JOHN ARMSTRONG'S, RESPONSES TO PLAINTIFF'S INTERROGATORIES DATED JANUARY 9, 2002

1.    There is no requirement that State correctional facilities be accredited by this professional organization.  The decision to seek accreditation is within the discretion of the undersigned.

2.    The decision to transfer an inmate from one correctional facility to another rests within the discretion of the unit administrators and transfers are routinely made for a number of correctional purposes.

3.    The undersigned does not recall specific actions he took, or documents he reviewed concerning the plaintiff's transfer in 1998.

4.    June 19, 1998.

5.    The plaintiff was transferred to Garner Correctional Institution on June 19, 1998.

6.    The decision to transfer an inmate rests within the discretion of the unit administrators and transfers are routinely made for a number of reasons.  The undersigned does not recall what specific actions he took, or documents he reviewed concerning the plaintiff's allegations.

7.    F-Unit and H-Unit

8.    The undersigned had no personal involvement in the housing or placement decisions concerning the plaintiff in 1998 and does not know which housing units the plaintiff was housed in.

9.    Yes.

10.    See response to number 8, above.

11.    The undersigned had no personal involvement in implementing, or enforcing, the telephone policy at Garner Correctional Institution in 1998.   Generally, most inmates were permitted three telephone calls per day.

12.    The plaintiff is in a far better position to access letters written by him and his mother than is the undersigned defendant.

I have read the foregoing responses to plaintiff's Interrogatories, and they are all true and accurate to the best of my knowledge and belief.


John J. Armstrong
Commissioner

Subscribed and sworn to before me this 15th day of March, 2002.


Notary Public /
~~Commissioner of the Superior Court~~

2

SARAH L. FERNICOLA
NOTARY PUBLIC
MY COMMISSION EXPIRES JUNE 30, 2005

98

# Exhibit "N"

Hartford Courant April 24, 2004

C O N N E C T I C U T

# Court Sides With Convict In Appeal

By LYNNE TUOHY
COURANT STAFF WRITER

A Connecticut inmate who claims that guards at Cheshire Correctional Institution beat, restrained and starved him was granted another chance to pursue his civil-rights-violation lawsuit in a ruling Friday by the U.S. 2nd Circuit Court of Appeals.

Connecticut U.S. District Court Magistrate Judge Donna Martinez dismissed Duane Ziemba's lawsuit in October 2002, ruling that Ziemba had not exhausted his administrative remedies under the Prison Litigation Reform Act. Ziemba countered that he could not exhaust his administrative remedies because prison officials beat him, threatened him and denied him grievance forms and pens. The Prison Litigation Reform Act applies to inmate lawsuits about all aspects of prison life, from living conditions to allegations of brutality.

The 2nd Circuit, ruling in Ziemba's favor in a precedent-setting case, said prison officials may be barred from using the defense that a prisoner had not exhausted administrative remedies if the prisoner can show that the officials undermined his ability to do so.

The appeals court sent the case back to the Connecticut court, with orders to examine the facts underlying Ziemba's claims and determine whether officials interfered with his ability to exhaust his administrative remedies.

Ziemba, 36, claims in his lawsuit that prison officials at Cheshire ignored an emergency grievance he filed requesting that they protect him from his combative and mentally disturbed cellmate, who had a history of keeping weapons in his cell. The cellmate, Patrick Wright, stabbed Ziemba on Sept. 9, 1997.

Ziemba alleges that after the stabbing he was stripped, placed in segregation and denied medical attention. He said one prison official instructed the other guards not to report the stabbing.

Several days later Ziemba was transported to Superior Court in Middletown for a scheduled court appearance. Judicial marshals refused to let him appear in court because of his condition and telephoned the prison to try to get him help.

Upon his return to Cheshire, Ziemba claims, he was taken by guards to an empty shower room where he was threatened with police dogs, beaten and pepper spray shot into his mouth and eyes. Later that day he was transferred to Northern Correctional Institution in Somers — the state's maximum security prison, where living conditions are the harshest in the system.

The court noted that Ziemba's family sent numerous complaints about the incidents to then-Commissioner John Armstrong, but received no response.