UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DUANE ZIEMBA | : | CIVIL NO. 3:00CV391 (HBF) |
| V. | : | |
| FREDERICK THOMAS, ET AL. | : | APRIL 3, 2006 |

**TRIAL MEMORANDUM**

**I.   TRIAL COUNSEL**

**For the Plaintiff:**

       Antonio Ponvert, III
       Koskoff, Koskoff & Bieder, P.C.
       350 Fairfield Avenue, 5th Floor
       Bridgeport, CT  06604
       Tel.:  (203) 336-4421

       James J. Nugent
       Nugent and Bryant
       236 Boston Post Road
       Orange, CT  06477
       Tel.:  (203) 795-1113

**For the Defendants:**

       Matthew B. Beizer
       Assistant Attorney General
       110 Sherman Street
       Hartford, CT  06105
       Tel.:  (860) 808-5450

       Perry Zinn Rowthorn
       Assistant Attorney General
       55 Elm Street
       Hartford, CT  06106
       Tel.:  (860) 808-5020

## II. JURISDICTION

Federal question.

## III. JURY/NONJURY

Jury trial.

## IV. LENGTH OF TRIAL

The plaintiff estimates two days.

The defendants estimate one week.

## V. NATURE OF THE CASE

The issues for trial are set forth in the Court's order dated September 29, 2005 (Docket #113). The plaintiff claims that: a) several defendants utilized excessive force during a March 9, 1998 incident at Corrigan Correctional Center; b) defendant Thomas violated his First and Fourteenth Amendment rights by the "theft" of his writing materials in January, 1998; and c) Warden David Strange has supervisory liability for failing to remedy unconstitutional acts leading up to the March 9 incident. The plaintiff seeks monetary damages from each defendant. His damages include pain and suffering, mental anguish and violation of his constitutional rights. Given the nature of the case, these damages cannot be itemized.

## VI. PLAINTIFF'S CONTENTIONS

The plaintiff contends that the defendants committed the acts as described in the Court's September 29, 2005 Order Regarding Remaining Issues For Trial.

VII. **DEFENDANTS' CONTENTIONS**

    A). In regard to the excessive force claim, the defendants maintain that the force that was used on the plaintiff was used in a good faith manner to restore discipline. Additionally, all of the defendants involved in this claim maintain that they are entitled to qualified immunity.

    B). In regard to the claim allegedly brought pursuant to the First and Fourteenth Amendments, defendant Thomas maintains that the plaintiff is unable to set forth any facts to establish a legally viable claim. Additionally, defendant Thomas maintains that the plaintiff failed to exhaust his administrative remedies pertinent to this claim and according to the Prison Litigation Reform Act ("PLRA"), is barred from pursuing this claim. Also, defendant Thomas maintains that he is entitled to qualified immunity on this claim.

    C). In regard to the supervisory liability claim, defendant Strange maintains that the plaintiff is unable to set forth any facts to establish a legally viable claim. Additionally, defendant Strange maintains that the plaintiff failed to exhaust his administrative remedies pertinent to this claim and according to the PLRA, is barred from pursuing this claim. Also, defendant Strange maintains that he is entitled to qualified immunity on this claim.

VIII. **LEGAL ISSUES**

    A). Did the defendants involved in the March 9 incident use force in a good faith manner to restore discipline, or, maliciously and sadistically for the purpose of causing harm;

    B). Did defendant Thomas violate the plaintiff's First Amendment rights by "stealing" the plaintiff's legal materials in January 1998;

      C).    Can the plaintiff establish a viable supervisory liability claim against defendant Warden Strange based on his involvement in the incidents leading up to the March 9, 1998 incident;

      D).    In regard to the non-excessive force claims, did the plaintiff exhaust his administrative remedies prior to bringing suit as required by the PLRA.  Plaintiff contends that, as the Court held in its May 21, 2003 Ruling on Motion to Dismiss at page 4, plaintiff has exhausted all available administrative remedies, and none of the defendants may raise a PLRA exhaustion defense; and

      E).    In regard to all of the plaintiff's claims, are the defendants entitled to qualified immunity.

## IX.   STIPULATED FACTS

      A).    At all times pertinent to this incident, the plaintiff was incarcerated at Corrigan Correctional Center ("Corrigan"), and other facilities of the Department of Correction.

      B).    At all times pertinent to this incident, the defendants were correctional officials employed at Corrigan.

      C).    On March 9, 1998, correctional officials conducted a shakedown of the plaintiff's cell at Corrigan.

      D).    Force was used on the plaintiff by correctional officials.

## X.   WITNESSES

**DEFENDANTS' WITNESSES**

      1.    Defendant Frederick Thomas will testify for the defendants.  He will testify about his involvement in the incidents set forth in the plaintiff's complaint.  He may also testify about

4

DOC policy and practice concerning the shakedown of cells, the prohibition on contraband, the use of force, etc.

2. Defendant Michael Fretard will testify for the defendants. He will testify about his involvement in the incidents set forth in the plaintiff's complaint. He may also testify about DOC policy and practice concerning the shakedown of cells, the prohibition on contraband, the use of force, etc.

3. Defendant Brett Fulcher will testify for the defendants. He will testify about his involvement in the incidents set forth in the plaintiff's complaint. He may also testify about DOC policy and practice concerning the shakedown of cells, the prohibition on contraband, the use of force, etc.

4. Defendant Timothy Shefer will testify for the defendants. He will testify about his involvement in the incidents set forth in the plaintiff's complaint. He may also testify about DOC policy and practice concerning the shakedown of cells, the prohibition on contraband, the use of force, etc.

5. Defendant Steven Willard will testify for the defendants. He will testify about his involvement in the incidents set forth in the plaintiff's complaint. He may also testify about DOC policy and practice concerning the shakedown of cells, the prohibition on contraband, the use of force, etc.

6. Defendant David Strange will testify for the defendants. He will testify about his involvement in the incidents set forth in the plaintiff's complaint. He may also testify about DOC policy and practice concerning the shakedown of cells, the prohibition on contraband, the use of force, etc.

7. Defendant Richard Forrestal will testify for the defendants. He will testify about his involvement in the incidents set forth in the plaintiff's complaint. He may also testify about DOC policy and practice concerning the shakedown of cells, the prohibition on contraband, the use of force, etc.

8. Dr. Edward Blanchette will testify as an expert witness in accordance with the opinions set forth in his report dated September 20, 2002. The basis for his opinions, and the materials he relied on, are set forth in that expert report.

9. Warden Michael Lajoie will testify about his involvement in the incidents set forth in the plaintiff's complaint. He may also testify about DOC policy and practice concerning the shakedown of cells, the prohibition on contraband, the use of force, etc.

10. Correctional Officer Michael Hanrahan will testify about his involvement in the incidents set forth in the plaintiff's complaint.

11. Correctional Officer Diana Koor will testify about her involvement in the incidents set forth in the plaintiff's complaint.

12. Captain Alfredo Gonzalez will testify about his involvement in the incidents set forth in the plaintiff's complaint. He may also testify about DOC policy and practice concerning the shakedown of cells, the prohibition on contraband, the use of force, etc.

13. Correctional Nurse Miguel Ramirez will testify about his involvement in the incidents set forth in the plaintiff's complaint.

14. Correctional Officer Ruth Petrello will testify about her involvement in the incidents set forth in the plaintiff's complaint. She may also testify about DOC policy and practice concerning the shakedown of cells, the prohibition on contraband, the use of force, etc.

15. Correctional Lieutenant Barr will testify about his involvement in the incidents set forth in the plaintiff's complaint. He may also testify about DOC policy and practice concerning the shakedown of cells, the prohibition on contraband, the use of force, etc.

16. Dr. Timothy Silvis will testify about his involvement in the incidents set forth in the plaintiff's complaint.

**PLAINTIFF'S WITNESSES**

1. The plaintiff, who will testify about all allegations in the complaint;

2. Detective J. R. Masson, Detective Paul M. Gately, Sgt. Thomas Wakely, who may testify about the State Police Investigation and findings;

3. Captain Curtis Wood, Raymond Elterich, Alberto Saavedra, and Vincent Santopietro, who may testify about the Department's Security Investigation and findings; and

4. All parties.

**PLAINTIFF'S OBJECTIONS TO WITNESSES**

The plaintiff objects to Dr. Blanchette's anticipated testimony.

XI. **EXHIBITS**

**PLAINTIFF'S EXHIBITS**

1. The videotape;

2. Photographs of the plaintiff after the March 9 incident;

3. Plaintiff's medical records pertinent to the complaint;

4. DOC Administrative Directives 6.5, 6.6, 2.17, 1.10;

5. Plaintiff's inmate grievances and appeals pertinent to the complaint;

6. Newspaper article and letters to the editor;

7. Security Division report concerning the March 9 incident, all statements and all attachments;

8. All incident reports, use-of-force reports and other reports and statements concerning the March 9 incident;

9. Entire State Police investigation file, including all statements and reports, concerning the March 9 incident;

10. Defendants' interrogatory answers;

11. All medical records concerning the injuries alleged in the Complaint. Plaintiff will specify and produce these records at the pretrial.

**DEFENDANTS' EXHIBITS**

See attached.

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS**

The plaintiff objects to the Defendants' Exhibits 526, 527, and 528.

XII.  **DEPOSITIONS**

None.

XIII.  **JURY INSTRUCTIONS**

See attached.

XIV.  **EVIDENTIARY PROBLEMS**

1.  The plaintiff will submit Motions *in Limine* regarding the following:

a.  motion to preclude reference to any illegal drug use by the plaintiff.

b. motion to preclude reference to any convictions by name relative to the plaintiff's criminal history.

c. motion to preclude reference to any alleged escape or actual escape by plaintiff.

d. motion to preclude reference to the number of or any specifics whatsoever relative to any and all other lawsuits filed by plaintiff.

e. motion to preclude any reference to disciplinary tickets.

f. motion to preclude admission or use of any pages of plaintiff's medical file that have not been specifically identified by the defendants and ruled upon prior to trial.

g. motion to preclude admission of unredacted versions of Defendant's Exhibits 526 and 527.

h. motion to preclude Dr. Blanchette's testimony.

The plaintiff respectfully proposes that motions and opposition briefs be filed after the pretrial conference, because some or all of these motions may be uncontested.

2.     The defendants move, in limine, to preclude any evidence or testimony concerning the excessive force verdict found in favor of the plaintiff against Correctional Captain Mangiafico concerning an incident occurring at Northern Correctional Institution in August, 1998.

## XVI.   FURTHER PROCEEDINGS

None.

Respectfully submitted,
DUANE ZIEMBA


BY:_____
Jim Nugent, Esq.
Nugent and Bryant
236 Boston Post Road
Orange, CT  06477
203-795-1111
ct05792

Antonio Ponvert III
Koskoff Koskoff & Bieder
350 Fairfield Ave.
Bridgeport, CT 06604
203-336-4421
ct17516

DEFENDANTS
Frederick Thomas, David Strange, Michael Fretard, Brett Fulcher, Timothy Shefer, Steven Willard and Richard Forrestal

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct16304
E-Mail:  matthew.beizer@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591