## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DUANE ZIEMBA : CIVIL NO. 3:00CV391 (HBF)

     V. :

FREDERICK THOMAS, ET AL. : APRIL 3, 2006

## PROPOSED JURY INSTRUCTIONS

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

**State Employee Witnesses**

During this trial you have heard the testimony of a number of witnesses, some of whom are employees of the state. The testimony of a government employee is not necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

At the same time, it is quite legitimate for the plaintiff's counsel to try to attack the credibility of a state employee witness on the ground that his testimony may be colored by a personal or professional interest in the case. It is your decision, after reviewing all of the evidence, whether to accept the testimony of the state employee and to give that testimony whatever weight, if any, you find that it deserves.[1]

---

[1] Section 1983 Litigation, Jury Instructions, Vol. 4., Martin Schwartz and George C. Pratt (retired Second Circuit Judge), Aspen Publishers 2005 ("Section 1983 Jury Instructions"), INSTRUCTION 2.03.6. If the Court does not have a copy of this Treatise, plaintiffs' counsel are aware that Judge Hall recently ordered a copy. If that copy has been returned, counsel will be happy to share their copy with the Court.

**Plaintiff's Status as Prisoner**

The fact that the plaintiff was a prisoner at the time of the alleged violation has absolutely no bearing either on his constitutional right to be free from cruel and unusual punishment or on his right to recover damages if you find, based on the evidence in this trial, that his rights have been violated. You should evaluate his credibility in the same way that you would evaluate the credibility of any witness.[2]

**The Statute, Its Function, and Elements of Claim for Relief**

The Statute and Its Function

Plaintiff asserts a claim under a federal civil rights law, 42 U.S.C. § 1983. The statute provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law. Section 1983 states in part that:

> Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a form of liability in favor of people who have been deprived of rights secured to them by the United States Constitution. It was passed by Congress to enforce the Fourteenth Amendment of the Constitution. The Fourteenth Amendment provides in relevant part that:

> no state shall . . . deprive any person of life, liberty, or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.

---

[2] Section 1983 Jury Instructions, INSTRUCTION 2.03.9.

Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows the plaintiff in this case to enforce rights guaranteed to him by the federal Constitution. Later in these instructions I will explain to you what these federal constitutional rights are, and what the plaintiff must show to demonstrate a violation of these rights.

To establish his claim under section 1983, the plaintiff must demonstrate, by a preponderance of the evidence, the following three elements:

First, that the defendant's conduct was under color of state law;

Second, that this conduct deprived the plaintiff of a right protected by the Constitution of the United States [*or* a federal statute]; and

Third, that the defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will explain each of these elements to you.

*First Element: Color of Law*

As to the first element—whether the defendants were acting under color of state law—there is no dispute in this case that during the events in issue here the defendants as employees of the Connecticut Department of Correction were acting under color of law. Therefore, you need not concern yourself with that element of the plaintiff's case, and I charge you as a matter of law that the defendants were acting under color of state law.

*Second Element: Deprivation of a Federal Right*

The second element of the plaintiff's claim is that defendants' conduct deprived plaintiff of a federal right. Plaintiff claims in this case that he was deprived of his right to be free of the excessive use of force by prison guards, his right to be free from retaliation, and his right to retain possession of legal materials and writings. I will explain the elements of the plaintiff's Eighth Amendment claims later in these instructions.

*Third Element: Proximate Cause*

The third element that plaintiff must prove is that the defendants' conduct was a proximate cause of plaintiff's injury and damage. Under Section 1983 the defendant is responsible for the natural consequences of his or her actions. An act is a proximate cause if it was a substantial factor in bringing about the plaintiff's injury. You must determine whether injury or damage suffered by the plaintiff was a reasonably foreseeable consequence of the defendant's conduct. An injury that is a direct result, or a reasonable probable consequence of a defendant's conduct, was proximately caused by that conduct. The question is whether a reasonable person would regard defendant's conduct as being a cause of the injury. If so, the conduct is a proximate cause.

A proximate cause need not always be the nearest cause either in time or in location. In addition, the law recognizes that there may be more than one proximate cause of an injury. Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.

*General Wrap-up on Elements of the Claim: Multiple Defendants*

If you find that plaintiff has proven all three elements of his claim by a preponderance of the evidence with respect to a particular defendant whom you are considering separately, you should find that defendant liable. If you find that plaintiff has not proven any one of these elements with respect to the particular defendant you are considering, then you must find that defendant not liable and return a verdict for him or her. Remember that the case as to each of these individual defendants must be considered separately by you. The fact that you find that one of the defendants is or is not liable does not determine your verdict as to any other one of these defendants.[3]

**No Specific Intent**

Section 1983 does not require the plaintiff to demonstrate that the defendants acted willfully, or with the specific intent to violate the plaintiff's federally protected rights.  Nor does § 1983 require the plaintiff to show that the defendants abused governmental power.[4]

**Burden of Proof on Section 1983 Elements**

The plaintiff has the burden of proving each element of his § 1983 claim by a preponderance of the evidence. Preponderance of the evidence means that it is more likely than not that the fact occurred.

---

[3] Section 1983 Jury Instructions, INSTRUCTIONS  3.01.1 and 13.01.1 (based on a model instruction submitted by Judge Burns, D. Conn.).
[4] Section 1983 Jury Instructions, INSTRUCTION  3.02.1; *Hudson v. New York City*, 271 F.3d 62, 69 (2d Cir. 2001).

Thus, in order to prevail on his claim, the plaintiff must persuade you that it is more likely than not; that the defendants' conduct deprived the plaintiff of a right protected by the federal Constitution; and that the defendants' conduct was the proximate cause of the injuries and damages sustained by the plaintiff. [5]

**Action By Private Citizen Against Prison Employees**
**All Persons Stand Equal Before the Law**

As you know this action was brought by a private citizen against employees of the Department of Correction.  This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar station in life.  All persons stand equal before the law, and are to be dealt with as equals in a court of justice.[6]

**Prisoner Excessive Force Claim**

Under the Eighth Amendment to the Constitution of the United States, every person convicted of a crime or a criminal offense has the right not to be subjected to cruel and unusual punishment.  This includes, of course, the right not to be maced, assaulted, beaten or restrained without legal justification.

---

[5] Section 1983 Jury Instructions, INSTRUCTION  3.03.1; *Ruggiero v. Krzeminski*, 928 F.2d 558, 562-63 (2d Cir. 1991).
[6] Section 1983 Jury Instructions, INSTRUCTION  3.04.3; *James v. Tilghman*, 194 F.R.D. 408, 420-21 (D. Conn. 1999).

Your verdict must be for the plaintiff and against defendants Thomas, Fretard, Fulcher, Shefer, Willard, and/or Forrestal if the plaintiff has proven all the following elements by a preponderance of the evidence:

*First,* defendants injured the plaintiff during the incident in the sally port; and

*Second,* the use of such force was excessive and applied maliciously and sadistically for the very purpose of causing harm, and not in a good faith effort to achieve a legitimate purpose; and

*Third,* as a direct result, plaintiff was damaged.

In determining whether the force, if any, was excessive, you must consider such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the threat reasonably perceived by the defendant, any effort made by the defendant to temper the severity of his use of force, the extent of the pain or injury inflicted, and whether the force was used to achieve a legitimate purpose or was used wantonly for the very purpose of causing harm. "Maliciously" means intentionally injuring another without just cause or reason. "Sadistically" means engaging in extreme or excessive cruelty or delighting in cruelty.

In determining whether the plaintiff was injured, you may consider both physical injuries and mental and emotional injuries, and you may consider physical and emotional pain and discomfort.  The plaintiff does not need to show significant injuries, but he does need to show some pain and/or harm.  Of course, when prison officials maliciously and sadistically use force to cause harm, the result would be cruel and unusual punishment regardless of the significance of the injury to the inmate.

If the plaintiff proves all of these elements by a preponderance of the evidence then your verdict must be for the plaintiff and against one or more of the defendants, and you will proceed to the question of damages.

If any of the above elements has not been proved by a preponderance of the evidence as to any of the defendants, then your verdict must be for that defendant.[7]

**Failure to Protect Against Use of Excessive Force**

The plaintiff also claims that the defendants are liable on the Eighth Amendment claim because they failed to exercise their duties as bystanders, and stood by while others used excessive force against the plaintiff.

A correctional officer has an affirmative duty to intercede on behalf of an inmate whose constitutional rights are being violated by other officers in his presence. An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers when that officer observes or has reason to know that a constitutional violation is being committed, and had a realistic opportunity to intervene to prevent the harm from occurring. Whether one or more of the defendants had a realistic opportunity to intercede in order to prevent the constitutional violation must be based on your assessment of the situation faced by them.

In this case you may hold one or more of the defendants liable for the underlying constitutional deprivation if the plaintiff has established, by a preponderance of the evidence, that the defendant had reason to know that the conduct of other officers or Department of

Correction employees was unconstitutional and that defendant had the opportunity to intercede to prevent the violation or some portion of the violation and did not do so. In other words, even if that defendant was not responsible, or was not alone responsible, for using force against the plaintiff, he could be held responsible for standing by and allowing such things to occur.

If the plaintiff has proven that one or more of the defendants had an opportunity to intervene, but did not, and if he has established that this failure to intervene contributed to the extent of the unconstitutional harm inflicted on plaintiff, then each of those defendants may be liable for wantonly and callously choosing not to make a reasonable attempt to stop others from violating the plaintiff's constitutional rights.

The plaintiff has the burden of proving by a preponderance of the evidence that one or more of the defendants intentionally or recklessly permitted others to use such force. An act is done intentionally if it was done on purpose, voluntarily. If it was because of a mistake or accident, it is not intentional. An act is done recklessly when an individual knows of likely harmful consequences and is in a position to prevent the harm, yet disregards it.

It is, of course, possible for you to find some, but not all of the defendants liable on this claim. Just because the evidence is insufficient as to one does not mean it is insufficient as to the others.[8]

---

[7] Section 1983 Jury Instructions, INSTRUCTIONS 11.01.1 and 11.01.2A (modified); *Hudson v. McMillian*, 503 U.S. 1 (1992); *Hope v. Pelzer*, 536 U.S. 730 (2002); *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993).

[8] Section 1983 Jury Instructions, INSTRUCTIONS 11.01.5 and 11.01.06 (modified); *Snider v. Dylag*, 188 F.3d 51, 54 (2d Cir. 1999); *Velez v. Jensen*, No. 3:03CV299 (RNC) (*quoting Montero v. Crusie*, 153 F. Supp. 2d 368, 377 (S.D.N.Y. 2001) ("Prison officials who fail to act reasonably to ensure a safe environment for a prisoner, when they are aware that there is a significant risk of injury to that prisoner, violate the prisoner's rights whether or not an attack actually occurs.").

**Effect of Prison Rules**

There has been evidence during the trial concerning certain of the rules of the Connecticut Department of Correction pertaining to the use of force and other matters. The plaintiff argues that the defendants failed to comply with those rules in dealing with him. Therefore, I want to explain to you how those matters may affect your decision.

I instruct you that a failure by a defendant to comply with the prison rules does not necessarily mean that the defendant used excessive force. However, repeated failures to comply with the prison's own rules may be considered by you as some evidence of the defendants' indifference to the plaintiff's rights. I stress that you *may* take such failures into account, but that you are not obliged to regard any such failures as establishing any element of plaintiff's claims.[9]

**Qualified Immunity**

The defendants have proposed a qualified immunity instruction.  Giving this issue to the jury would be error.  *See, e.g., Hunter v. Bryant,* 502 U.S. 224, 228 (1991) (qualified immunity is a question of law to be decided by the court); *Stephenson v. Doe*, 332 F.3d 68, 78-81 (2d Cir. 2003); *King v. Macri*, 993 F.2d 294, 299 (2d Cir. 1993); *Warren v. Dwyer*, 906 F.2d 70, 72-76 (2d Cir. 1990).

---

[9] Section 1983 Jury Instructions, INSTRUCTIONS 11.02.1 (modified)

**Compensatory Damages—General Principles**

If you find that one or more of the defendants are liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages caused by each defendant. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that the plaintiff has suffered. Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury.  If the plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock, discomfort and constitutional violations that he has suffered because of the defendant's conduct.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered, or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the

plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstance permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.[10]


**Pain, Suffering, and Emotional Distress**

In assessing compensatory damages, you may include an amount for pain, suffering, and emotional distress that you determine to be reasonable compensation in the light of all the evidence in this case. We all know that the nature and degree of pain and mental distress may differ widely from person to person. Consequently, the law does not try to fix, nor does the law permit, a precise formula by which pain or emotional distress as an element of compensatory damages may be measured and reduced to dollars and cents. Instead of providing a formula for measuring these damages, the law leaves the determination of the amount of damages to the common sense and good judgment of you, the jurors. You should arrive at a monetary amount, in the light of your common knowledge and general experience, and without regard to sentiment, that you deem to be fair, reasonable, and adequate. In other words, without favor, without sympathy, and without any precise formula, you as jurors must arrive at a sum of money that will justly, fairly, and adequately compensate the plaintiff for the actual pain, suffering, and emotional distress you find that he endured as the direct result of any constitutional deprivation

---

[10] Section 1983 Jury Instructions, INSTRUCTION 18.01.1.

he may have suffered. The amount of damages should be neither excessive nor inadequate. It should be fair, just, and reasonable.[11]

**Aggravation or Activation of Emotional Condition**

If you find that the plaintiff had a pre-existing psychological condition that made him more subject to emotional injury than a person in normal health, the defendants are nevertheless responsible for his injuries to the extent to which their violation of the law aggravated that condition. This is so even though the plaintiff's emotional distress, due to his prior condition, may have been greater than that which would have been suffered by a normal person under the same circumstances.[12]

**Nominal Damages**

If you return a verdict for the plaintiff, but find that the plaintiff has failed to prove, by a preponderance of the evidence, that he suffered any actual injuries, then you must return an award of nominal damages not to exceed the sum of one dollar, on the particular claim.  Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury.[13]

---

[11] Section 1983 Jury Instructions, INSTRUCTION 18.01.5.

[12] Section 1983 Jury Instructions, INSTRUCTION 18.01.10 (modified).

[13] Section 1983 Jury Instructions, INSTRUCTIONS 18.01.17 and 18.03 (modified); *Carey v. Piphus*, 435 U.S. 247 (1978); *Gibeau v. Nellis*, 18 F.3d 107 (2d Cir. 1994); *Stein v. Bd. of Ed.*, 792 F.2d 13 (2d Cir. 1986).

**Presumed Damages**

In this case the plaintiff seeks to recover what the law calls "presumed damages." Presumed damages may be awarded when the plaintiff seeks compensation for an injury that is likely to have occurred, but is difficult to establish. If you find that the plaintiff suffered a violation of his federally protected rights, and that he probably suffered damages, but under the circumstances the damages are very difficult to establish accurately, he is entitled to an award of presumed damages.

It will be for you, the jury, to determine the amount of presumed damages. The damages awarded should be reasonable and should roughly approximate the harm that the plaintiff suffered from the defendant's wrongful conduct, and thereby compensate him for a harm that may be impossible to measure precisely.[14]

**Punitive Damages**

If you have awarded the plaintiff either compensatory or nominal damages, the law permits you award the plaintiff punitive damages in order to punish the wrongdoer for engaging in unlawful conduct maliciously or with reckless disregard for the plaintiff's rights, and to serve as an example or warning to others not to engage in such conduct.  If you find, from a preponderance of the evidence, that the conduct of the defendants that proximately caused injury

---

[14] Section 1983 Jury Instructions, INSTRUCTION 18.02.1; *Memphis Community Sch. Dist. V. Stachura*, 477 U.S. 299, 310-11 (1986).

or damage to the plaintiff was maliciously or wantonly done, then you may award punitive damages.

An act or a failure to act is maliciously done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually or toward all persons in any group or category of which the injured person is a member.  An act or a failure to act is wantonly done if done in reckless disregard of, or callous disregard of, or indifference to the rights of, one or more persons, including the injured person.

Whether to make an award of punitive damages is a matter exclusively within the discretion of the jury.  They must never be either awarded because of any sympathy, or bias, or prejudice with respect to any party to the case.  In fixing the amount, you must consider the degree of reprehensibility of the defendant's conduct and the relationship between the amount of punitive damages to any actual harm inflicted upon the plaintiff.

If there is a finding of liability but no award of compensatory damages, you may still award punitive damages.

You may impose punitive damages against one or more of the defendants and not others, or against more than one defendant in different amounts.  The purpose of awarding punitive damages is to deter not only the named defendant against whom you are awarding punitive damages but also to deter all those individuals similarly situated to that particular defendant, in this case, other correctional guards and officials and employees of the Connecticut Department of Correction.[15]

---

[15] Section 1983 Jury Instructions, INSTRUCTIONS 18.07.1 and 18.07.2 (modified); *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Pacific Mutual Life. Ins. Co. v. Haslip*, 499 U.S. 1 (1991);

**Apportionment of Damages Between Legal and
Illegal Conduct**

If you find that the damages suffered by the plaintiff were partly the result of conduct by

a particular defendant that was legal, and partly the result of conduct by that defendant that was

illegal, you must apportion the damages between the legal and illegal conduct, and you may

award the plaintiff compensatory damages only for injuries caused by the illegal conduct.[16]

**Separate Consideration of Each Defendant—
Apportionment—Joint and Several Liability**

This case involves multiple defendants. Therefore, you must be careful to impose any

damages that you may award only against the defendant or defendants that the plaintiff has

proved liable. The fact that the plaintiff proves that one defendant is liable does not necessarily

mean that the other defendants are liable as well. Each defendant is entitled to a separate and

individual consideration of his liability without regard to your decisions on any other defendant.

If the plaintiff proves that a particular defendant is liable and responsible for a particular

injury, you must impose damages for that particular injury upon that particular defendant. This

requires you to estimate the dollar amount of the plaintiff's injuries that is attributable to a

particular defendant's conduct. The law calls this apportionment.

---

*Robinson v. Cattaraugus County*, 147 F.3d 153 (2d Cir. 1998); *King v. Macri*, 993 F.2d 294 (2d Cir. 1993).
[16] Section 1983 Jury Instructions, INSTRUCTION 18.01.12.

It is not always possible to apportion damages to a particular defendant's conduct. The plaintiff, however, may be able to prove that more than one defendant is liable for a particular injury. If two or more persons united in an intentional act that violated the plaintiff's rights, all of those persons are jointly liable for the violation of the plaintiff's rights. The law does not require the injured party to establish how much of the injury was done by each particular defendant that is shown to be liable. So, if the plaintiff proves that the defendants who are liable acted jointly, then you may treat them jointly for purposes of assessing damages. If he proves that two or more of the defendants are jointly liable on a particular claim, you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages. The plaintiff, however, would be able to recover only once for his injury, because the law disallows double recoveries.[17]

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## CRIMINAL CONVICTION

1.    You have heard that the plaintiff is an inmate and has several criminal convictions.  The law permits you to consider the criminal conviction record of a witness in assessing his credibility and whether he is being truthful.  Rule 609(a), Federal Rules of Evidence.

## SECTION 1983

---

[17] Section 1983 Jury Instructions, INSTRUCTION 18.06.1 (modified); *Cooper v. Casey*, 97 F.3d 914, 919 (7th Cir. 1996); *Hall v. Ochs*, 817 F.2d 920, 926 (1st Cir. 1987).

2.      This case comes before the Federal Court because the plaintiff alleges that the defendant has denied him his lawful rights secured by the Constitution of the United States and under section of federal law known as the Civil Rights Act, Title 42, United States Code, Section 1983.

3.      This statute provides, in part, and I am quoting, "Every person who, under color of statute ... of any State ... subjects, or causes ... any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured ...."

4.      The federally protected right asserted by the plaintiff in this case arises from that portion of the Eighth Amendment of the Constitution of the United States which prohibits the infliction of cruel and unusual punishment  even upon  a convicted felon such as this plaintiff.

5.      In order to prove each of his claims under Section 1983, the plaintiff must establish, by a preponderance of the evidence, the following three elements:

a.      First, that the defendant acted under color of the authority of the State of Connecticut.

b.      Second, that the defendant deprived the plaintiff of his constitutional rights; and

c.      Third, that the acts of the defendant were the proximate or legal cause of the plaintiff's injuries as alleged in the complaint.

18

6.    The plaintiff may not recover unless he establishes, by a preponderance of the evidence, each of these elements.[18]

## FIRST ELEMENT - ACTION UNDER COLOR OF STATE LAW

7.    The defendants acknowledge that they were employed by the Connecticut Department of Correction during the period covered by the Complaint.  I therefore instruct you, as a matter of law, that if you find that the defendants were personally involved in the alleged constitutional violation, then the defendants were acting under color of state law.[19]

## SECOND ELEMENT - DEPRIVATION OF A CONSTITUTIONAL RIGHT - EIGHTH AMENDMENT

8.    Keeping these general requirements of a Section 1983 civil rights claim in mind, I shall now instruct you concerning the specific constitutional right of which the plaintiff claims he was deprived.  The plaintiff in this case claims that the defendant deprived him of his constitutional right to be free from cruel and unusual punishment in violation of the Eighth Amendment  by subjecting him to excessive force on March 4, 1999.

9.    While it is up to you, the jury, to weigh all of the evidence and reach your own determination as to the facts of this case, there are standards for you to apply in determining whether the facts found by you constitute excessive force in violation of the Eighth Amendment.

---

[18]    Authority:  Modern Federal Jury Instructions, ¶ 87.03, Instruction 87-68; Court's Instructions to the Jury in King v. Crose, et al., No. 3:93CV-1273(AHN); Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908 (1981).

[19]    Authority:  Modern Federal Jury Instructions ¶ 87.03, Instructions 87-70.

  a.  The Eighth Amendment prohibits cruel and unusual punishment.  To prove a

violation of the   Eighth Amendment, the plaintiff has the burden to prove (1) that

the deprivation alleged is "objectively sufficiently serious" such that the plaintiff

was denied "the minimal civilized measure of life's necessities," and (2) that the

defendant official possessed a "sufficiently culpable state of mind" associated

with "the unnecessary and wanton infliction of pain."  See Farmer v. Brennan,

511 U.S. 825, 834, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994) (quoted in  Gaston

v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001)).

**EXCESSIVE FORCE**

  10.  You should understand that not every push or shove by a correctional officer

violates an inmate's constitutional rights even if in hindsight, it may seem to have been

unreasonable or unnecessary.[20]  Only the unnecessary and wanton infliction of pain constitutes

cruel and unusual punishment forbidden by the Eighth Amendment.[21]

  11.  To be cruel and unusual punishment, conduct that does not purport to be

punishment at all must involve more than ordinary lack of due care for the prisoner's interest or

safety.[22]

  12.  It is intentional cruelty and wantonness that violates the Eighth Amendment.

Thus, if a prison official makes a good faith error or mistake in judgment, even if it results the

---

[20] Hudson v. McMillan, 503 U.S. 1, 112 S.Ct. 995, 1000 (1992) quoting Johnson v. Glick,
481 F.2d 1028, 1033 (2d Cir.) cert. denied, John v. Johnson, 414 U.S. 1033 (1973).

[21] Whitney, 106 S.Ct. at 1084.

[22] Whitney, 106 S.Ct. at 1084.

infliction of pain and suffering upon a prisoner, the prison official has *not* violated the Eighth Amendment.[23]

13.     An act is negligent if the defendant was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and he breached that duty or obligation.  Again, you may not find for the plaintiff against the defendant if you find that his actions were merely negligent.  I emphasize: the defendant must have been more than negligent in order for you to find him liable.  The defendant must have acted sadistically and maliciously for the very purpose of causing harm to the plaintiff or he must have acted with the requisite culpable intention of causing the plaintiff pain.[24]

14.     The infliction of pain by correctional staff upon a prisoner in the course of maintaining prison security, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable and hence unnecessary in the strict sense.  In making and carrying out decisions involving the use of force to maintain security and order in a prison, correction officials clearly must take into account the very real threats to security present to inmates and correction staff alike.[25]

---

[23]     Whitney, supra, at 1084.

[24]     Authority:  Modern Federal Jury Instructions, ¶ 87.03, Instruction 87-78.

[25]     Id.

15.    The application of force by prison officials in a good faith effort to maintain or restore discipline is perfectly lawful and proper.[26]  To determine whether the defendant acted maliciously or wantonly, a court must examine several factors including:  the extent of the injury and the mental state of the defendant, as well as "the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendant; and any efforts made by the defendant to temper the severity of a forceful response."  Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993) (citing  Hudson, 503 U.S. at 7).

16.    Indeed, the citizens of the State of Connecticut, through their legislature, have enacted a statute Connecticut General Statute Section 53a-18, which provides, in part, that, correctional officials may, in order to maintain order and discipline within a correctional facility, use such physical force as is reasonable.  Any action taken pursuant to this statute is entirely lawful and proper.[27]

17.    In making any judgments with respect to plaintiff's Eighth Amendment claims, you shall not base your decision upon 20/20 hindsight. You must put yourselves in the place of the defendant during the very moments when these events were occurring and judge his actions as of that time and under those circumstances.[28]

---

[26]    Id.
[27]    C.G.S. Sec. 53a-18.

[28]    Graham v. Connor, 490 U.S. 392, 396, 109 S.Ct. 1865, 1872 (1989); Johnson v. Glick, 481 F. 2d 1028, 1034 (2d. Cir.), cert. denied, 414 U.S. 1033, 94 S.Ct. 462 (1973).

18.    Keep in mind that corrections officials must make their decisions "in haste, under pressure, and frequently without the luxury of a second chance."[29]  Keep in mind also that prison life and relations "between the inmates and prison officials or staff, contain the ever-present potential for violent confrontation and conflagration."[30]  Responsible prison officials must be permitted to take reasonable steps to forestall such a threat, and they must be permitted to act in a timely fashion so as to maintain safety and security.[31]  Keep in mind, "we are considering a large, confined population of convicted felons, not a nursery school."[32]  If you find that the defendant acted in a good-faith effort to maintain and restore discipline, no constitutional violation has occurred.[33]  Therefore, if you make such a finding you should find for the defendant.  If you conclude that the defendant used force maliciously and sadistically for the very purpose of causing harm, then you shall find that defendant liable and find against that defendant and for the plaintiff.

**FIRST AMENDMENT**

19.

**SUPERVISORY LIABILITY**

---

[29]    Hudson v. McMillian, 503 U.S. at 6, 7, 112 S.Ct. at 999.

[30]    Wolf v. McDonnell, 418 U.S. 539, 561-62, 94 S.Ct. 2963, 2977-78 (1974).

[31]    Jones v. North Carolina Prisoners' Union, 433 U.S. 119, 132-33, 97 S.Ct. 2532, 2541 (1977).

[32]    Battle v. Anderson, 788 F.2d 1421, 1426 (10th Cir. 1986).
[33]    Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993).

20.


**PERSONAL INVOLVEMENT**

21.     There are several defendants in this case.  In order to assert a viable § 1983 action

against the defendants, the plaintiff must demonstrate that the defendants directly and personally

participated in the alleged constitutional deprivation.  It is not sufficient for the plaintiff to

demonstrate that other correctional officials acted in an improper or unconstitutional fashion.

Rather, the plaintiff must demonstrate that the defendants directly and personally participated in

the alleged constitutional violation.[34]

---

[34]     Merriwether v. Coughlin, 879 F.2d 1037, 1048 (2d Cir. 1989); Wright v. Smith, 21 F.3d
496, 501 (2d Cir. 1994).

**THIRD ELEMENT - PROXIMATE CAUSE**

22.     The third element which plaintiff must prove is that defendant's acts were the proximate cause of the injuries sustained by the plaintiff.  Proximate cause means that there must be a sufficient causal connection between the act or omission of each defendant and any injury or damage allegedly sustained by the plaintiff.   An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's acts or omissions.  If an injury was a direct result or a reasonably probable consequence of the defendant's acts or omissions, it was proximately caused by such act or omission.  In other words, if the defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

23.     In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant.  If you find that the plaintiff is complaining about an injury which would have occurred even in the absence of that defendant's conduct, you must find that the defendant did not proximately cause plaintiff's injury.

24.     If you find that the plaintiff suffered some injury but that his injury was the result of his own behavior or some other intervening factor, then the defendants would not be liable for his injury.[35]

---

[35]     Authority:  Modern Federal Jury Instructions, ¶ 87.08, Instruction, 87-79; <u>Graham v. Western Line Consolidated School District</u>, 439 U.S. 410, 99 S. Ct. 693 (1979); <u>Mt. Healthy City School District Board of Educ. v. Doyle</u>, 429 U.S. 274, 97 S. Ct. 568 (1977).

**QUALIFIED IMMUNITY**

25.    If you find that the defendants did not deprive the plaintiff of his Eighth Amendment rights, then you need not consider any of the defendant/s affirmative defenses. However, in the event that you should find that the defendants did deprive the plaintiff of his Eighth Amendment rights, the defendant still may not be liable to the plaintiff.  In this sort of lawsuit, an individual defendant may be entitled to what is called qualified immunity.

26.    Qualified immunity shields a public official from liability provided that his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  I instruct you that at the time of the incident giving rise to this lawsuit, it was clearly established law that prison inmates enjoy a right to be free from the malicious and sadistic application of force by a prison official which is intended to cause harm to the inmate.  However, even where rights are clearly established, a defendant official will be entitled to qualified immunity if it was objectively reasonable for him to believe that his actions did not violate those clearly established right.

27.    To put it another way, an individual defendant will not be entitled to qualified immunity if, at the time the actions complained of, he knew or should have known that his actions were contrary to federal law.  The simple fact that a defendant acted in good faith is not enough to bring him within the protection of this qualified immunity, nor is the fact that a defendant was unaware of the federal law.

28.    In deciding what a competent official would have known about the legality of the challenged conduct, you must consider the nature of a defendant's official duties, the character of

his official position, the information which was known to him or not known to him, and the circumstances which confronted him. You must ask yourself what a reasonable official in each defendant's situation would have believed about the legality of his or her conduct. You should not, however, consider what these defendants' subjective intent was, even if you believe it was to harm the plaintiff. The relevant question is what a *reasonable* official in the defendant's situation would have thought about the legality of his or her conduct. If you find that a reasonable official in a defendant's situation would believe this conduct to be lawful, then he or she is entitled to qualified immunity.

29.     The defendant has the burden of proving that he neither knew or should have known that his actions violated federal law. If a defendant convinces you by a preponderance of the evidence that he neither knew nor should have known that his actions violated federal law, then you must return a verdict for that defendant, even though you may have previously found that that defendant in fact violated the plaintiff's constitutional rights under color of state law.

30.     Similarly, if a defendant convinces you by a preponderance of the evidence that reasonable correctional officers could disagree over whether his actions violated federal law, then you must return a verdict for that defendant, even though you may have previously found that the defendant in fact violated the plaintiff's constitutional rights under color of state law.[36]

---

[36]     Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683 (1974); Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034 (1987); Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092 (1986); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 1085 (1986).

**DAMAGES**

31.    Because the plaintiff is making a claim for money damages in this case, I must discuss the law of damages with you. You should not take this discussion to suggest that the defendants did violate the plaintiff's rights or that they did not act in good faith. You should not consider the question of damages at all, unless you have first determined that the defendants did violate the plaintiff's rights and that they did not act in good faith.

32.    I merely give you these instructions on the law of damages so that, in the event you do come to the conclusion that the plaintiff is entitled to recover, you will have sufficient guidance in arriving at a proper verdict.

33.    And I want to repeat here that with regard to the matter of injuries and the matter of the damages, the same rule relative to the burden of proof on the plaintiff still applies. In other words, the burden is on the plaintiff to prove these elements of damage by a fair preponderance of the evidence. Just as it was in connection with his claimed allegations on the issue of liability.

34.    Plaintiff may not recover for emotional or mental distress alone. Plaintiff may only recover for emotional and mental distress if he first establishes that he suffered a physical injury as a result of defendants' actions.[37]

35.    When monetary damages are sought in a lawsuit brought under Title 42, Section l983 of the United States Code, such as in this case, the burden is on the plaintiff to prove that

---

[37]    42 U.S.C. § 1997e.

each defendant against whom money damages are sought was personally involved in or responsible for the alleged violation of the plaintiff's constitutional rights.[38]

36.    In this regard, you should keep in mind that although all of the defendants are officers or employees of the State of Connecticut, they are being sued in their individual capacities and hence are exposed to payment of any damages which you award in their individual capacity.

37.    You may also keep in mind that the plaintiff is an inmate whose daily living expenses, including medical expenses, are being paid for by the State of Connecticut.

38.    There are two kinds of damages claimed by the plaintiff in this case.  The first is compensatory damages; that is, a sum of money to compensate the plaintiff for the denial of his federal constitutional rights for the alleged wanton and willful assault upon his person.

39.    In estimating damages in a case of this sort, you are not at liberty to guess or infer what the damages are.  You must use your best judgment, remembering always that it is incumbent upon the plaintiff, even if you find that he is entitled to recover, to prove, by a fair preponderance of the evidence, the amount of the damages to which he is entitled.  It must be fairly proved that the verdict, if you come to a verdict for him, is one which in your sound judgment represents the damages to which he is entitled under the rule applicable in the situation.

40.    The law does not recognize an inherent or abstract monetary value of a constitutional right; therefore, no compensatory damages may be awarded for a violation of a constitutional right absent proof of actual physical injury or loss.  If you do find that the defendant violated plaintiff's constitutional rights, but you do not find that the plaintiff suffered

---

[38]    Johnson v. Glick, 481 F.2d 1083.

an actual physical injury or loss by virtue of his constitutional rights having been violated, then you may only award nominal damages of no more than one dollar for each violation of plaintiff's constitutional rights.[39]

## NOMINAL DAMAGES

## DAMAGES FOR THE MERE FACT OF VIOLATION

41.     If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you may return an award of nominal damages not to exceed the sum of one dollar.

42.     Nominal damages may be awarded when the plaintiff has been deprived by the defendants of a Constitutional right but has suffered no actual damage as a natural consequence of that deprivation.  The mere fact that a Constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of the defendants' conduct other than the fact of a Constitutional deprivation, you may award nominal damages not to exceed one dollar.[40]

---

[39]    Authority:  Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S. Ct. 248 (1931); Kinty v. United Mine Workers of America, 544 F.2d 706 (4th Cir. 1976), cert.  denied 429 U.S. 1093 (1977); Northwestern National Casualty Co. v. McNulty, 307 F.2d 432 (5th Cir. 1962); U.S. Castings Co. v. Knight, 754 F.2d 1363 (7th Cir. 1985); Luria Brothers & Co. v. Pielet Brothers Scrap Iron Metal, Inc., 600 F.2d 103 (7th Cir. 1979).

[40]    Authority:   Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); Familias Unidas v. Briscoe, 619 F.2d 391 (5th Cir. 1980); Williams v. Bennett, 689 F.2d 1370 (11th Cir. 1982).

**PUNITIVE DAMAGES**

43.     The second type of damages which the plaintiff claims in this case is punitive damages.  As the name suggests, punitive damages are designed to make an example of or to punish a wrongdoer.

44.     Only if you decide to award compensatory or nominal damages to the plaintiff may you then consider whether or not to award him punitive damages.  The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct and to serve as an example or warning to others not to engage in wrongful conduct. If you find the issues in favor of the plaintiff and award compensatory damages on a constitutional claim and if you further find that the acts of either one or any of the defendants were done sadistically or maliciously to cause harm to the plaintiff, then you may award punitive damages as you find proper, relating to a constitutional claim.[41]

45.     Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury.  However, you must bear in mind that punitive damages are only allowed if you have first found that the plaintiff is entitled to compensatory damages, even if such damages are nominal.  You must also bear in mind that the law requires that punitive damages, if awarded, must be fixed with calm discretion and sound reason.  They must never be awarded because of bias, sympathy or prejudice with respect to any party to the case.

---

[41]     Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 1085 (1986).

46.     Even if all the above-noted requirements are met, the award of punitive damages is discretionary, that is, if you find the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.[42]

Respectfully submitted,

DUANE ZIEMBA

BY:_____

Jim Nugent, Esq.
Nugent and Bryant
236 Boston Post Road
Orange, CT  06477
203-795-1111
ct05792

Antonio Ponvert III
Koskoff Koskoff & Bieder
350 Fairfield Ave.
Bridgeport, CT 06604
203-336-4421
ct17516

---

[42]  Modern Federal Jury Instructions ⚖ 87.03, Instruction 87-92.

DEFENDANTS
Frederick Thomas, David Strange, Michael
Fretard, Brett Fulcher, Timothy Shefer,
Steven Willard and Richard Forrestal

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: _____
Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct16304
E-Mail:  matthew.beizer@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591